Marcus W. RANKIN, Plaintiff,

v.

Wayne HOWARD and Jane Doe Howard, his wife, Joseph Alexander, Sr. and Esther Alexander, his wife, Joseph Alexander, Jr. and Jane Doe Alexander, his wife, Michael E. Trauscht and Jane Doe Trauscht, his wife, Freedom of Thought Foundation, an Arizona Corporation, William J. Rankin and Wilma E. Rankin, his wife, James J. Zeller, S. Mitchell Mack, Jr. and Jane Doe Mack, his wife, Gary Scharff and Jane Doe Scharff, his wife, Steve Lotz and Jane Doe Lotz, his wife, Gary Conklin and Jane Doe Conklin, his wife, and Lawrence Gumbriner and Jane Doe Gumbriner, his wife, Defendants.

Civ. No. 77–790 PHX–CAM.

United States District Court,
D. Arizona.

July 7, 1978.

Peter D. Baird, Lewis & Roca, Phoenix, Ariz., Richard Ben-Veniste, Melrod, Redman & Gartlan, Washington, D. C., for plaintiff.

Gilmore F. Diekmann, Jr., Bronson, Bronson & McKinnon, San Francisco, Cal., Monbleau, Vermeire & Turley, Ronald Jay Cohen, Streich, Lang, Weeks, Cardon & French, Phoenix, Ariz., John C. Gage, Gage & Tucker, Kansas City, Mo., for defendants Rankin.

David J. Karasek, Robinson, Karasek & Hendrickson, Phoenix, Ariz., for defendants Conklin.

Arthur L. Hirsch, Tucson, Ariz., for defendants Scharff, Freedom of Thought Foundation, Joseph Alexander and Esther Alexander.

Gary Conklin, pro se, Westmoreland, Kan.

Wayne Howard, pro se.

## OPINION and ORDER

MUECKE, District Judge.

This matter is before this Court on the motion for partial summary judgment of Defendants Howard and Trauscht and the motion for summary judgment of Defendant Judge James Zeller. The matter has been well briefed including supplemental briefs subsequent to the hearing, and the matter was orally argued before the Court on April 24, 1978. As discussed below, the Court finds that Defendant Zeller's motion for summary judgment is granted, and the motion for partial summary judgment of Defendants Howard and Trauscht is granted in part and denied in part.

At the time of the events giving rise to this complaint, plaintiff was an adult member of the Unification Church. Defendants Howard and Trauscht were attorneys acting on behalf of the Freedom of Thought Foundation (Foundation). Plaintiff alleges in his complaint that the defendants were members of a conspiracy to coerce plaintiff into renouncing his religious affiliation with the church, to prevent plaintiff from freely associating with other members of the

church, to prevent plaintiff from freely discussing and practising his religious beliefs, and to prevent plaintiff from traveling among and between the several states.

To carry out this conspiracy plaintiff alleges that it was defendants' intention to arrange with Defendant Judge Zeller to create an ex parte guardianship so that defendants could take custody of plaintiff and "deprogram" him. For this purpose, plaintiff alleges that Defendant Judge Zeller was also a member of the conspiracy.

Plaintiff further alleges that the Foundation coordinated the activities of the other defendants and made its resources available to the defendants.

Briefly stated the facts are that arrangements were made with Defendant Judge Zeller, a probate judge of Pottawatamie, Kansas, for him to hold an ex parte guardianship hearing on December 25, 1977. On that date, certain of defendants appeared before Judge Zeller and presented an application for the appointment of a guardianship for the plaintiff. The application stated that plaintiff was living within the County of Pottawatamie, Kansas, and an affidavit filed by the parents of the plaintiff also stated that plaintiff was a resident of that county.

On the basis of the application presented to Judge Zeller, he signed an order appointing plaintiff's father as temporary guardian of plaintiff and authorizing the guardian to take the proposed ward into personal custody and have him counseled, examined, and treated by persons (including lay persons), and directing any law enforcement officer in the state to assist the father in the location and assumption of custody over the proposed ward.

Plaintiff was in fact not within the county at the time the order was signed, nor was he a resident of that county. He was flown into the county later that day by his father at which time he was taken into custody pursuant to the guardianship order.

After plaintiff was taken into custody, he was transported to Kansas City International Airport and then to Phoenix, Arizona, where he was "counseled" by certain persons.

Plaintiff subsequently escaped from custody and has filed this suit. The complaint alleges nine claims for relief. The first is for violation of the Civil Rights Act, 42 U.S.C. § 1983; the second is for violation of the Civil Rights Act, 42 U.S.C. §§ 1985 and 1986; and the remaining claims are for common law torts.

Defendant Judge Zeller has moved for summary judgment, and Defendants Howard and Trauscht have moved for partial summary judgment as to the claims under the Civil Rights Act, §§ 1983, 1985, and 1986.

## SECTION 1983

It is well recognized that in order to frame a cause of action under 42 U.S.C. § 1983, plaintiff must allege facts which show that defendants acted under color of state law or authority and have deprived the plaintiff of a right, privilege or immunity secured by the Constitution and laws of the United States. *Sykes v. California,* 497 F.2d 197 (9th Cir. 1974); *Cohen v. Norris,* 300 F.2d 29 (9th Cir. 1962). Failing in his burden of showing state action, summary judgment must be granted to defendants as to the § 1983 cause of action.

Plaintiff urges two grounds for finding state action here. The first, and the most crucial, is the action of Judge Zeller. The action of the judge in issuing the guardianship order and the actions that ensued pursuant to that order would constitute the necessary state action, provided that the judge is not immune from prosecution.

█ It is clearly the law of this Circuit at this time that if the state actors are immune from prosecution, this will negate the claims against co-conspirators. *Sykes v. State of California, supra.* Plaintiff argues that this Court should not follow that decision in light of the Supreme Court's footnote in *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), comparing the decisions of two conflicting circuits. There is, however, no indication that

either of those decisions is incorrect and the court clearly declines to decide the issue. This Court is bound to follow the law of this Circuit until such time that the Circuit or the Supreme Court interprets the law to be otherwise.

Thus, if Judge Zeller's action in issuing the guardianship order was protected by judicial immunity, the § 1983 claims against all other defendants will also fall.

■ Plaintiff has argued that in order to find judicial immunity, the judge must have acted with both personal jurisdiction as well as subject matter jurisdiction. That is simply not in conformity with the holding of *Stump v. Sparkman, supra.* The court said, quoting from *Bradley v. Fisher,* 13 Wall. 335, 20 L.Ed. 646 (1872), "A judge will not ·be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the '*clear absence of all jurisdiction.*'" (emphasis added) 435 U.S. 349, 356, 98 S.Ct. 1099, 1105. It is therefore not necessary to find personal jurisdiction over the plaintiff in order to find judicial immunity for Judge Zeller.

■ That Kansas statutes give a probate judge in Kansas the authority to create guardianships over persons with the county is not in dispute. The application for guardianship and the affidavit of the parents stated that plaintiff was a resident of the county. In addition, the judge inquired of counsel at the time of issuing the order as to his jurisdiction and was assured that he had that jurisdiction. A later discovery that plaintiff was in fact not a resident of the county may support a finding that the order was in excess of jurisdiction, but would not support a finding that the judge "acted in the clear absence of all jurisdiction."

Plaintiff cites cases which could be read to show that the judge acted in excess of his jurisdiction here because the proposed ward was not living within the county at the time. As the Court in *Stump* reiterated, "a [clear] distinction must be [made]

between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter." (Footnote 6 at 356, 98 S.Ct. at 1104). Without ruling on whether Judge Zeller acted in excess of his jurisdiction, even assuming he had so acted, that would still be an entirely different matter than acting in the clear absence of all jurisdiction. The judge was given the statutory authority to create guardianships and the later discovery of lack of residency is not enough to defeat judicial immunity under the standards set forth in *Stump v. Sparkman, supra.*

Plaintiff's argument that the judge knew at the time he issued the guardianship order that plaintiff was not living within the county is not adequately supported by evidence presented by plaintiff. However, even if it were, it would not defeat the immunity. Again, as the court in *Stump* quoted from *Bradley v. Fischer, supra,* "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." 435 U.S. 349, 355, 98 S.Ct. 1099, 1104.

■ Plaintiff secondly argues that even if the judge is immune from suit here, the actions of the guardian and the various officers in enforcing the guardianship decree will serve as state action for purposes of the civil rights act. These persons were acting, however, to carry out a direct order of the court and were therefore acting as officers of the court. As such, any immunity which the court has with respect to that order also attached to the officers carrying out that order. *Holmes v. Silver Cross Hospital,* 340 F.Supp. 125 (N.D.Ill.1972); *Kermit Constr. Corp. v. Banco Credito Y Ahorro Ponceno,* 547 F.2d 1 (1st Cir. 1976); and *Burkes v. Callion,* 433 F.2d 318 (9th Cir. 1970).

Having found that Judge Zeller is immune from suit, Judge Zeller's motion for summary judgment must be granted.

■ In addition, having found that the judge is immune, and any officers carrying out the order, and the guardian acting pursuant to that order, are also protected by the court's immunity, the other defendants in this action were not acting under color of state law. The motion of Defendants Howard and Trauscht for partial summary judgment must therefore be granted with respect to the § 1983 claim.

SECTIONS 1985 and 1986

■ State action is not an element in actions brought under 42 U.S.C. §§ 1985 and 1986. *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). *Griffin* has established the elements that must be present for suit under these sections, though. They are as follows: (1) a conspiracy to go in disguise on the highway or on the' premises of another; (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy resulting in; (4) injury to the person or to property or deprivation of any of the rights or privileges of a citizen.

The complaint here satisfies the requirements of (1), (3) and (4). The element that is in dispute here, and that which has been the center of discussion in other cases dealing with § 1985 conspiracies, is element (2). Giving this element the construction of *Griffin,* the question can be most simply stated as whether a religious group may be deemed a class for purposes of § 1985.

*Griffin* requires a class-based, invidiously discriminatory animus in order for an action to lie under this section. In attempting to interpret this requirement, the courts have heeded *Griffin*'s caution that § 1985 is not meant to be a federal tort law. In *Dombrowski v. Dowling,* 459 F.2d 190 (7th Cir. 1972) the court concluded that an arbitrary discrimination against attorneys who practiced criminal law did not deprive the plaintiff attorney of equal protection of the law.

In *Lopez v. Arrowhead Ranches,* 523 F.2d 924 (9th Cir. 1975) the court held that a complaint alleging that defendants had discriminated in hiring against citizens failed to state a claim under § 1985.

In *Arnold v. Tiffany,* 487 F.2d 216 (9th Cir. 1973), the court found that a group of seventeen independent newspaper distributors was not the type of class the court had in mind in *Griffin* and that § 1985 sought to protect.

In *Western Telecasters, Inc. v. California Federation of Labor, AFL–CIO,* 415 F.Supp. 30 (S.D.Cal.1976), the court held that alleged discrimination by a union against employees of a non-union entity without any invidiously discriminatory animus was not actionable under § 1985.

Each of these decisions was dealing with purported classes, however, none of them dealt with race as in *Griffin,* or religion as here. There have been no cases cited to this Court, or has this Court been able to find any, where the class asserted is a religious class, and the Court has refused to accept jurisdiction under § 1985. In some cases, the courts have held that the class presented was not within those protected by *Griffin* and gone on to mention that the class was not based on race or religion. *Western Telecasters, Inc. v. California Federation of Labor, AFL–CIO, supra; Arnold v. Tiffany, supra.* Other cases dealing with religion have specifically held that a religion based class is a class protected by § 1985. *Action v. Gannon,* 450 F.2d 1227 (8th Cir. 1971); *Baer v. Baer,* 450 F.Supp. 481 (N.D.Cal.1978).

■ *Baer* is a case very similar to that before this Court. In that case, the complaint alleged that a group was attempting to interfere with the religious practices of plaintiff and plaintiff's church. That is similar to the allegations contained in the complaint in the case before this Court. Plaintiffs have alleged that the Defendants Howard and Trauscht are members of the Foundation and it is their purpose to interfere with the practice of plaintiff's religion and his' church. The court in *Baer* found this to be a class based animus and this Court agrees with that conclusion. See also

Action v. Gannon, supra, and Marlowe v. Fisher Body, 489 F.2d 1057 (6th Cir. 1973).

This brings us to the other requirement that *Griffin* has established for a cause of action under § 1985, namely, the identity of a source of congressional power to reach the private conspiracy alleged. *Griffin v. Breckenridge,* 403 U.S. at 104, 91 S.Ct. 1790. In *Griffin,* the court found two sources of power to reach the conspiracy: § 2 of the Thirteenth Amendment and the right of interstate travel. The former is not an element in this case as there is no racial class alleged.

However, the second ground for congressional power stated in *Griffin* is clearly present in this case—right to interstate travel. There is no dispute in the facts that plaintiff was taken to Phoenix, Arizona, while in custody of defendants.

[8] In ·Baer v. Baer, supra, the court noted that while the class alleged satisfied the requirements of *Griffin,* there was no source of congressional power present since there had been no interstate travel. That is not true in the present case and this Court will follow the reasoning in *Baer* and find that all the requirements of § 1985 as interpreted by *Griffin* are satisfied in this case.

It should be emphasized that every case which has dealt with a religious class has found that it is the type of class protected by § 1985. In addition, other cases not dealing with religious classes have stated in dicta that such a class would come within the statute. The only case that has found a religious class existed but has also held that there was no jurisdiction under § 1985 is the *Baer* case, and in that case the court noted that the fatal flaw was the lack of specific congressional power to act, such as protection of the right to interstate travel. That element that was missing in *Baer* is present in the case before this Court.

Having found that plaintiff has alleged a class based, invidiously discriminatory animus, and there is congressional power to prohibit such discrimination through the right to interstate travel, it follows that plaintiff has stated a cause of action against Defendants Howard and Trauscht under §§ 1985 and 1986. Defendants Howard and Trauscht's motion for partial summary judgment must therefore be denied on this issue.

IT IS THEREFORE ORDERED that Defendant Judge Zeller's motion for summary judgment is granted.

IT IS FURTHER ORDERED that Defendants Howard and Trauscht's motion for partial summary judgment is granted as to the first claim for relief (§ 1983) and denied as to the second claim for relief [§§ 1985(2), 1985(3), and 1986].