Matthew **HALPERN** et al., Plaintiffs,

v.

**CITY OF NEW HAVEN** et
al., Defendants.

**Civ. No. N–79–393.**

United States District Court,
D. Connecticut.

May 7, 1980.

842

Joseph M. Brophy, Westport, Conn., for plaintiffs.

Robert E. Beach, Chief State's Atty., Wallingford, Conn., for defendant Asst. State's Attys.

## RULING ON DEFENDANT STATE'S ATTORNEYS' MOTION TO DISMISS

EGINTON, District Judge.

On the evening of November 18, 1978, the New Haven police arrested plaintiffs Matthew Halpern and Joel Peskin who were peddling T-shirts outside the New Haven Coliseum. The plaintiffs allege that they were licensed to conduct such activity at the time they were arrested. Plaintiffs were booked, photographed, fingerprinted and jailed over night on a charge of criminal trespass in the 3d degree, a violation of 53a C.G.S.A. § 109 (1971).

Defendant Sam Doe, an Assistant State's Attorney, arraigned plaintiffs the following morning, and at that time the Connecticut Superior Court set bond at $50. The next day, plaintiffs again appeared in Superior Court and pleaded "not guilty" to the charge. A week later, however, the state dismissed the charges against Halpern, allegedly because the state lacked probable cause to continue the action. The state did not drop the charges against Halpern's partner, Peskin.

After the completion of some pre-trial discovery in Peskin's case, Assistant State's Attorney Bob Doe substituted a charge of peddling without a license, allegedly because he realized he had insufficient evidence to support the more serious offense, criminal trespass. This decision likewise proved short-lived; before the start of trial, Assistant State's Attorney James Doe nolled the case and dropped all charges against Peskin.

Plaintiffs bring this action under 42 U.S.C. §§ 1983, 1985 and 1988, alleging violation of their civil rights by reason of their arrest and imprisonment. Defendants include the City of New Haven, the New Haven Police Department, several individual police officers, the New Haven Veterans' Memorial Coliseum, the Ogden Food Services Corporation, two individual Ogden employees and the Assistant State's Attorneys who participated in the prosecution of plaintiffs. More specifically, plaintiffs allege that all the defendants individually acted and jointly conspired to deprive plaintiffs of their civil rights in order to prevent them from competing with the vending business of the Ogden Food Services Corporation at the New Haven Coliseum. The Assistant State's Attorneys allegedly joined in this conspiracy by prosecuting the charges against the plaintiffs at the behest of the New Haven Police Department despite the attorneys' knowledge that probable cause was lacking.

The defendant State's Attorneys have moved to dismiss the complaint pursuant to F.R.C.P. 12(b)(6), raising a prosecutor's absolute immunity from suit under *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Plaintiffs, opposing the motion, argue that the absolute immunity accorded a prosecutor by *Imbler* does not apply in this case because their complaint alleges that the defendant State's Attorneys acted as agents of the New Haven Police Department in the matters concerning plaintiffs and hence transcended the bounds of the protected judicial function.

I

When a court considers a motion to dismiss made prior to any evidentiary hearing, the issue is necessarily limited. The

issue is not whether a plaintiff will ultimately prevail, but whether he is entitled to offer evidence in support of his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). In determining whether the instant complaint states a cause of action against the Assistant State's Attorneys named defendants, the allegations must be accepted as true. *Cooper v. Pate*, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964). The complaint should not be dismissed unless it appears beyond doubt that plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. *Williams v. Vincent*, 508 F.2d 541 (2d Cir. 1974). After applying the above litmus to the plaintiffs' claims, it is apparent to this Court that the complaint in its current form must be dismissed, in the face of the immunity accorded the defendant Assistant State's Attorneys.

The Supreme Court's holding in *Imbler, supra*, specifically extends the common law absolute immunity of prosecuting attorneys to civil rights suits brought under 42 U.S.C. § 1983. After balancing the interests of those genuinely wronged by a malicious or dishonest prosecutor against the interests of society in the speedy and forthright prosecution of those accused of crime, the Court determined that a qualified (good faith), rather than an absolute, immunity would unduly burden prosecutors who often must make decisions "that could engender colorable claims of constitutional deprivation." *Id.* 424 U.S. at 425, 96 S.Ct. at 992–993. In so ruling, the Court nonetheless carefully limited the scope of its immunity application. Since the prosecutorial burden weighs most heavily in the "judicial phase" of the criminal process, the Court held that only "in initiating a prosecution and in presenting the State's case, [is] the prosecutor . . . immune from a civil suit for damages under § 1983." *Id.* at 431, 96 S.Ct. at 995.

■ Each allegation of plaintiffs' complaint concerning the Assistant State's Attorneys, read in the light most favorable to the plaintiffs, falls squarely within the area protected by *Imbler*. The test of whether allegedly injurious conduct falls within the protected quasi-judicial role turns on whether the harm is inflicted as a part of or independently of prosecution. *Lee v. Willins*, 617 F.2d 320 (2d Cir. 1980). It is apparent from examination of plaintiffs' complaint that the alleged injury at the hands of the defendant prosecutors arises only from the act of prosecuting these plaintiffs, and involves no investigative or administrative actions independent of the prosecution.

In all four Counts, plaintiffs complain of the Assistant State's Attorneys' conduct in setting bond and an arraignment date (Para. 6), in taking pleas of "not guilty" (Para. 7), in dismissing the case against Halpern at pretrial (Para. 8) but refusing to drop the case against Peskin (Para. 9), in conducting discovery and obtaining a continuance of a trial date (Para. 10), in substituting the charge of violation of § 20–5 for the criminal trespass charge (Para. 11), and in ultimately nolling the case against Peskin just before trial (Para. 12). These activities are unquestionably essential to the protected, quasi-judicial aspects of the prosecutorial function, and therefore fall within the scope of *Imbler's* immunity grant.

■ Plaintiffs' allegations in Count 3, that the defendant prosecutors undertook no independent investigation of the charges (Para. 16), acted only as agents of the New Haven Police Department (Para. 16) and continued the malicious prosecution of Peskin even after finding insufficient evidence to support the charge against Halpern (Paras. 17–20), do not except conduct within the defendants' judicial role, such as that alleged here, from the protection afforded by *Imbler's* absolute immunity. *Henzel v. Gerstein*, 608 F.2d 654 (5th Cir. 1979); *Hall v. Flathead County Attorney*, 478 F.Supp. 644 (D.Mont.1979). Prosecuting attorneys have been held to be absolutely immune from § 1983 liability under *Imbler* even where they have been accused of soliciting and producing perjured testimony or withholding exculpatory evidence. Such activities, while reprehensible, are nevertheless protected because they go to the heart of

the quasi-judicial role of the prosecutor. *Lee v. Willins, supra; Atkins v. Lanning*, 556 F.2d 485 (10th Cir. 1977); *Hilliard v. Williams*, 540 F.2d 220 (6th Cir. 1976); *Bruce v. Wade*, 537 F.2d 850 (5th Cir. 1976). Cf. *Wilkinson v. Ellis*, 484 F.Supp. 1072 (E.D.Pa.1980).

The conduct of which these plaintiffs complain differs significantly from prosecutorial conduct which remains outside the scope of *Imbler* protection. The alleged facts in *Briggs v. Goodwin*, 569 F.2d 10 (D.C.Cir.1977), *Helstoski v. Goldstein*, 552 F.2d 564 (3d Cir. 1977), *Wilkinson v. Ellis*, *supra*, and *Lofland v. Meyers*, 442 F.Supp. 955 (S.D.N.Y.1977) aptly illustrate unprotected investigative and administrative conduct. These courts have held that *Imbler's* immunity does not apply where the prosecutor is alleged to have *destroyed* exculpatory evidence, as distinct from concealing it *(Wilkinson)*; where the prosecutor is accused of participating in an illegal search or seizure, (*Helstoski* and *Lofland*), where the prosecutor is accused of giving perjured testimony himself *(Briggs)*, or where the prosecutor is accused of leaking grand jury testimony to the press in order to smear plaintiff's reputation *(Helstoski)*.

## II

 Plaintiffs, by their allegation that the defendant State's Attorneys acted as agents of the New Haven Police Department, appear also to assert a claim against these defendants based on an alleged conspiracy between the Assistant State's Attorneys and the New Haven Police Department in violation of 42 U.S.C. § 1985. Assuming, *arguendo*, that such § 1985 allegations are in all other respects sufficient, *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), these defendants are absolutely immune from liability under § 1985 for the conduct alleged in the complaint as it now stands.

*Imbler's* sanction of absolute prosecutorial immunity from civil rights liability arose in the context of a § 1983 action. Thus, the Supreme Court's specific holding was limited to immunity from § 1983 liability. The reasons supporting absolute rather than good faith immunity in § 1983 cases, however, apply with full force in § 1985 cases. This Court, therefore, recognizes the same absolute immunity in § 1985 cases as that which exists in § 1983 cases. The few reported decisions dealing with the specific question of prosecutorial immunity from § 1985 liability are in accord with this Court's conclusion that the parameters of such immunity are the same under both §§ 1983 and 1985. *Raitport v. Provident National Bank*, 451 F.Supp. 522 (E.D.Pa. 1978). *See also Rankin v. Howard*, 457 F.Supp. 70 (D.Ariz.1978).

## III

For the foregoing reasons, the complaint as to the defendant Assistant State's Attorneys is hereby dismissed. Plaintiffs are given leave to file an amended complaint within 20 days, if they claim any investigatory or administrative conduct by these defendants not protected by prosecutorial immunity.

It is so ORDERED.