Winston McDONALD, Plaintiff,

v.

John DOE, Head Criminal Court Supervisor, Officer Ronald Miegel, Criminal Court Officer; Fliegelman, Criminal Court Officer; John Doe No. 1 Criminal Court Officer; David Barnhard, Assistant District Attorney of Bronx Criminal Court, New York; each individually and in their official capacities, Defendants.

No. 86 Civ. 2070 (RWS).

United States District Court,
S.D. New York.

Dec. 31, 1986.

Winston McDonald, pro se.

Frederick A.O. Schwarz, Jr., Corp. Counsel of the City of N.Y., New York City, for

defendants; Donna Hill, Asst. Corp. Counsel, of counsel.

## OPINION

SWEET, District Judge.

Defendant David Barnhard ("Barnhard"), Assistant District Attorney of Bronx Criminal Court, New York, has moved this court to dismiss plaintiff Winston McDonald's ("McDonald") complaint against him pursuant to Fed.R.Civ.P. 12(b)(6). McDonald, who is *pro se*, [1] submitted an affidavit in reply instead of a memorandum of law, thus, perhaps inadvertently, converting the motion to one for summary judgment pursuant to Rule 12(b) and Rule 56. Barnhard has submitted an affidavit in reply to McDonald's. For the reasons set forth below, the motion is granted in part and denied in part.

### Background

McDonald, an inmate at the Fishkill Correctional Facility in Beacon, New York, has sued Barnhard and various named and unnamed guards and court officials under 42 U.S.C. § 1983 for a beating he alleges he received on January 13, 1984 in the Bronx Criminal Court Building.

In brief, McDonald alleges that when he arrived at the courthouse to appear at a proceeding that had been initiated against him several years earlier, two court officers seized him, took him into a private room, and severely beat him. According to the complaint, McDonald's wife (who had accompanied him to court) summoned McDonald's attorney from the courtroom where he had been awaiting them. The lawyer was not permitted to see his client, and the defendant was remanded until the next day. According to McDonald's affidavit, Barnhard orchestrated the beating.

The complaint continues to allege that McDonald was arrested and falsely charged with entering a courthouse with an alcoholic beverage, resisting arrest, assault, and harassment. In addition, when McDonald was finally brought before the court to make a bail application on the following day, Barnhard knowingly falsely represented to the court that McDonald's fingerprints were not available. Under New York law this would bar McDonald from making his bail application and cause him to be remanded. McDonald alleges that Barnhard did this so that McDonald could not be released on bail until the bruises and swellings that resulted from the beating had gone down.

Specifically, Barnard is implicated in this train of events by four of McDonald's sworn allegations:

1) that Barnhard brought false charges against him to intimidate him;

2) that Barnhard refused to produce evidence relating to one of the alleged false charges;

3) that Barnhard lied to the court concerning the status of McDonald's fingerprints;

4) that Barnhard directed the officers to assault and harass McDonald.

Barnhard, in an affidavit in reply, swears with regard to (1) and (2) that he has no independent recollection of the case, but taking McDonald's claims as true, claims absolute immunity. With regard to (3), Barnhard denies that he deliberately lied to the court and also claims absolute immunity. With regard to (4), Barnhard denies that he directed officers to assault McDonald, points out that this charge is not in McDonald's complaint and appears for the first time in his affidavit in opposition to the motion, and urges the court to give it "absolutely no weight."

### Discussion

■ The position of a prosecutor is unique in our legal system. To begin with, the law has imposed on them a duty more stringent than that required of private advocates; it is not a prosecutor's job merely to win cases, but instead to see that justice is done. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Special powers attach in the exercise of this

---

**1.** By application after this submission, McDonald has requested the court to appoint counsel for him, an application which is still pending.

enhanced duty. For instance, a prosecutor's powers in bringing and reducing charges are immune even from judicial oversight except in extraordinary circumstances. *See, e.g., Inmates of Attica Correctional Facility v. Rockefeller,* 477 F.2d 375 (2d Cir.1973) (prosecutorial monopoly on charging); *United States v. Ammidown,* 497 F.2d 615 (D.C.Cir.1973) (prosecutorial latitude in dismissing charges). Because of these enhanced duties and unique powers, much of what a prosecutor does has been called "quasi judicial." However, in other circumstances the prosecutor wears the hat of an investigator or an administrator.

■ Section 1983 immunity law has recognized the functionally diverse tasks which fall to prosecutors by creating two distinct types of immunity: when a prosecutor performs "quasi-judicial" acts, he enjoys *absolute* immunity, but when he performs "investigative" or "administrative" acts, he enjoys only *qualified* immunity. *Taylor v. Kavanagh,* 640 F.2d 450, 452 (2d Cir.1981). To determine what kind of immunity cloaks a prosecutor in a particular case, the court examines "the functional nature of prosecutorial behavior, rather than the status of the person performing the act." *Id.*

■ The law is settled that the initiation of prosecution, even if undertaken maliciously or without cause, is "quasi judicial" and thus absolutely immune from liability. *Powers v. Coe,* 728 F.2d 97, 104 (2d Cir.1984). Thus McDonald has stated no claim upon which relief can be granted with regard to the initiation of false charges. Equally absolutely immune are those decisions made during the pretrial phases of a case, even those which involve the falsification of evidence. *Taylor v. Kavanagh,* 640 F.2d 450, 452 (2d Cir.1981); *Lee v. Willins,* 617 F.2d 320 (2d Cir.), *cert. denied,* 449 U.S. 861, 101 S.Ct. 165, 66 L.Ed.2d 78 (1980). Thus Barnhard is absolutely immune from any charge that he withheld evidence that related to one of the alleged false charges, and likewise immune from the charge that he lied about the availability of fingerprints, which is simply another variety of falsification of evidence.

■ As to McDonald's claim that Barnhard ordered his beating, Barnhard enjoys only qualified immunity. Such an order would be entirely divorced from any quasi-judicial exercise of discretion in the orderly prosecution of a case, and could only conceivably have issued in the course of those of the prosecutor's roles that are either investigative (such as directing the interrogation or apprehension of a defendant) or administrative (physically getting a defendant to court).

Once it has been determined that Barnhard's conduct should be analyzed under the framework of the qualified immunity defense, the question still remains as to whether the specific alleged conduct here falls within the scope of that immunity. Under *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), an official who enjoys qualified immunity is immune from civil damages "insofar as [his] conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Thus, for the purposes of this motion, the court must decide: "Did the official's *alleged* conduct violate a clearly established constitutional right?" Note, *Qualified Immunity for Government Officials: The Problem of Unconstitutional Purpose in Civil Rights Litigation,* 95 Yale L.J. 126, 144 (1985) (emphasis in original). If the court decides that Barnhard's *alleged* actions violated no clearly established law, then Barnhard is adjudged immune and the motion granted. "If, on the other hand, the court concludes that the officials alleged conduct did violate clearly established law, it must deny summary judgment on the ground that the official is not entitled to qualified immunity, and the case should proceed to discovery and trial." *Id.* at 145. There can be no question that the alleged conduct here violates well-settled law. McDonald has accused Barnhard of directing his beating.

Nonetheless, even if Barnhard's qualified immunity does not shield him from a civil suit in the face of these allegations, he is still entitled to summary judgment in his favor if McDonald "has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Celotex Corp. v. Catrett,* —— U.S. ——, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The inquiry that the district court must conduct "is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* —— U.S. ——, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). While engaged in this inquiry, the court must resolve ambiguities and draw reasonable inferences against the moving party. *Knight v. U.S. Fire Insurance Co.,* 804 F.2d 9, 11 (2d Cir.1986); *Eastway Constr. Co. v. City of New York,* 762 F.2d 243, 249 (2d Cir.1985). Furthermore, *pro se* litigants enjoy special latitude on summary judgment motions, *Mount v. Book-of-the-Month Club, Inc.,* 555 F.2d 1108, 1112 (2d Cir.1977), a rule which seems particularly apt when, as here, a Rule 12(b)(6) motion may have been converted to a Rule 56 motion inadvertently.

Barnhard has urged the court to give McDonald's affidavit that Barnhard directed the court officers to assault him, "absolutely no weight." Says Barnhard, "Not only is this absurd because I would not commit such actions, but it is obvious perjury by plaintiff. How would plaintiff know if I gave such orders?" In essence, Barnhard is asking the court to make a finding that the evidence is so thin on this issue that the court would not even submit it to the jury as a fact that "may reasonably be resolved in favor of either party." *Liberty Lobby,* 106 S.Ct. at 2511.

As things stand, the court cannot evalute how thin the evidence is because McDonald—unschooled in procedural niceties—has neglected to tell the court the source of his knowledge. At this stage and in this posture, it would be unfair to a *pro se* plaintiff to grant summary judgment on this issue. On the other hand, Barnhard ought not continue to be forced to defend against a suit if it is baseless. Therefore, with regard to the claim that Barnhard orchestrated McDonald's beating, the court will reserve decision, and McDonald is directed to produce further affidavits within twenty (20) days outlining the source of his knowledge—or facts from which the reasonable inference could be drawn—that Barnhard ordered his beating.

**Conclusion**

In sum, Barnhard's motion for summary judgment is granted with respect to McDonald's claim that Barnhard withheld evidence, lied about the availability of fingerprints, and vindictively prosecuted him. With respect to the claim that Barnhard directed McDonald's beating, McDonald is directed to supply supplementary affidavits to the court within twenty (20) days.

IT IS SO ORDERED.