**Luis GARCIA, Plaintiff,**

v.

**Robert GRISANTI and David Morgante, Defendants.**

No. 97–CV–155A(H).

United States District Court, W.D. New York.

Feb. 18, 1998.

---

David Gerald Jay, Buffalo, NY, Richard L. Baumgarten, Buffalo, NY, for Plaintiff.

Edward D. Peace, Corporate Counsel, City of Buffalo Dept. of Law, Buffalo, NY, for Defendant.

## ORDER

ARCARA, District Judge.

The above-referenced case was referred to Magistrate Judge Carol E. Heckman pursuant to 28 U.S.C. § 636(b)(1)(B). On January 26, 1998, Magistrate Judge Heckman filed a Report and Recommendation, recommending that defendants' motion for summary judgment be granted and the case dismissed.

The Court having carefully reviewed the Report and Recommendation, the record in this case, as well as the pleadings and materials submitted by the parties; and no objections having been timely filed, it is hereby

ORDERED, that pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth in Magistrate Judge Heckman's Report and Recommendation, defendants' motion for summary judgment is granted and the case is dismissed in its entirety.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION

HECKMAN, United States Magistrate Judge.

This matter was referred to the undersigned by Hon. Richard J. Arcara, to hear and report, in accordance with 28 U.S.C. § 636(b). Defendants have filed a motion for summary judgment. For the following reasons, it is recommended that defendants' motion be granted.

### BACKGROUND

The following facts are not in dispute.[1] On December 7, 1993, at approximately 1:40 a.m., Buffalo police officers Robert Grisanti and David Morgante, along with other members of the Buffalo Police Department, exe-cuted a search warrant at 254 Connecticut Street, third floor apartment, in the City of Buffalo. Grisanti entered the apartment with his shotgun drawn, and encountered the plaintiff in the apartment. As Grisanti approached, plaintiff grabbed Grisanti's shotgun and attempted to strike Grisanti with a steam iron. The shotgun discharged, causing injury to plaintiff's hand.

Plaintiff was transported by ambulance to Millard Fillmore Hospital Emergency Room, where he was treated for his injuries. He was then released to the custody of the Buffalo Police. He was charged with criminal possession of a controlled substance, criminal use of drug paraphernalia and criminal possession of a weapon, based on the results of the search conducted at the Connecticut Street residence. He was also charged with obstructing governmental administration based on his conduct during the search.

On June 8, 1994, plaintiff entered a plea of guilty to charges of criminal possession of a controlled substance in the second degree (N.Y. Penal Law § 220.18(1)), and obstructing governmental administration in the second degree (N.Y. Penal Law § 195.05). The plea proceedings were held in Erie County Court before Hon. Timothy J. Drury. Plaintiff was represented by counsel, and an interpreter was provided. During the proceedings, the following colloquy took place between Judge Drury and plaintiff:

> Q. All right. Finally, you're also charged with obstructing governmental administration. The fifth charge, count, states at the same date, time and place you intentionally obstructed the administration of law or attempted to prevent a public servant, that is, Detective Robert Grisanti of the Buffalo Police Department, from performing

---

1. Plaintiff has not responded to defendants' summary judgment motion. Fed.R.Civ.P. 56(e) provides as follows:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In addition, defendants have submitted a "Statement of Facts Pursuant to the Local Rules of Civil Procedure for the Western District of New York" (Item 18, pp. 3–4). Under Local Rule 56, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the statement required to be served by the opposing party."

an official function by means of intimidation, physical force or interference, that is, by attempting to strike Officer Grisanti with a steam iron and by grabbing a shotgun he was holding. Do you admit that you attempted to strike him with a steam iron and you grabbed the shotgun he was holding?

(Discussion off the record.)

A. I raised my arm when—when he was pointing at me, I raised my arm like this.

Q. And what happened?

A. I was shot.

Q. Do you admit that you attempted to grab or did grab the shotgun he was holding?

A. Yes, I tried to—I tried to sway to the side [of] the shotgun.

Q. Do you admit that you thereby obstructed the police officer in his duties as I've read that—both the charges?

A. Yes.

(Item 18, Ex. B, pp. 8–9).

On September 27, 1995,[2] plaintiff filed this action under 42 U.S.C. § 1983 seeking compensatory and punitive damages against defendants based on their excessive use of force during the December 7, 1983 arrest. Defendants now move for summary judgment dismissing the complaint.

### DISCUSSION

**I. Summary Judgment.**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c), In reaching this determination, the court must assess whether there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Coach Leatherware Co., Inc. v. AnnTaylor, Inc.,* 933 F.2d 162, 166–67 (2d Cir.1991), and must give extra latitude to a *pro se* plaintiff.[3] *McDonald v. Doe,* 650 F.Supp. 858, 861 (S.D.N.Y.1986).

■ Once the moving party has provided sufficient evidence to support a motion for summary judgment, the opposing party must "set forth specific facts showing that there is a genuine issue for trial," and cannot rest on the "mere allegations or denials" in its unsworn pleadings to dispute the facts asserted by the movant. Fed.R.Civ.P. 56(e); *accord Rexnord Holdings, Inc. v. Bidermann,* 21 F.3d 522, 525–26 (2d Cir.1994); *Graham v. Lewinski,* 848 F.2d 342, 344 (2d Cir.1988); *Higgins v. Artuz,* 1997 WL 466505, at *3 (S.D.N.Y. August 14, 1997). Thus, where the movant's papers give the opposing party "easily comprehensible notice" of the possible consequences of not replying to the motion, and the party does not provide a response to the motion, the court may consider as undisputed the facts set forth in the moving party's affidavits, and may enter judgment in favor of the movant. *Champion v. Artuz,* 76 F.3d 483, 486 (2d Cir.1996)(citing *Timms v. Frank,* 953 F.2d 281, 285 (7th Cir.), *cert. denied,* 504 U.S. 957, 112 S.Ct. 2307, 119 L.Ed.2d 228 (1992)).

■ As explained by the Second Circuit in the *Champion* case:

The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically. Such a motion may properly be granted only if the facts as to which there is no genuine dispute "show

---

2. The case was originally filed in the Rochester office of the Western District of New York, under Docket No. 95–CV–6481L. On March 12, 1997, the case was transferred from Judge David G. Larimer to Judge Arcara, and the Clerk of the Court was directed to reassign the case as Docket No. 97–CV–155A(H) (*see* Item 12).

3. On January 12, 1996, Richard L. Baumgarten, Esq., filed a notice of appearance as plaintiff's counsel in this action (Item 9). Subsequently, David Gerald Jay, Esq., took over plaintiff's case from Mr. Baumgarten. By order dated June 30, 197, this court granted Mr. Jay's request to withdraw as plaintiff's counsel (Item 16).

that the moving party is entitled to a judgment as a matter of law."

*Champion v. Artuz, supra*, 76 F.3d at 486 (quoting Fed.R.Civ.P. 56(c)).

In this case, defendants' motion papers gave plaintiff clear notice that failure to respond to the summary judgment motion could result in dismissal of the complaint (*see* Item 19, p. 5). Accordingly, since plaintiff has not responded to defendants' summary judgment motion, the facts set forth in defendants' motion papers will be accepted by this court as undisputed. The court now turns to an inquiry as to whether these undisputed facts show that defendants are entitled to summary judgment as a matter of law.

## II. Excessive Force.

█ Where, as here, a claim of excessive force arises in the context of an arrest, "it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons ... against unreasonable ... seizures' of the person." *Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). To establish a Fourth Amendment "excessive force" claim, a plaintiff must show that the force used by the officer was, in light of the facts and circumstances confronting him, "objectively unreasonable" under Fourth Amendment standards. *Finnegan v. Fountain*, 915 F.2d 817, 823 (2d Cir.1990). The reasonableness of the force used is "judged from the perspective of a reasonable officer on the scene" and takes into account factors such as "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham, supra*, 490 U.S. at 396, *quoted in Finnegan, supra*.

█ In this case, the undisputed facts establish that Buffalo police officers found over five ounces of cocaine at the Connecticut Street residence as a result of the search on December 7, 1993 (Item 18, Ex. B, p. 7). Plaintiff did not attempt to flee the scene, but instead actively resisted arrest by grabbing the shotgun and attempting to strike Grisanti with a steam iron, thereby posing an

immediate threat to the safety of the officers. In light of these facts, even intentional use of deadly force to restrain plaintiff would have been reasonable. *Tennessee v. Garner*, 471 U.S. 1, 11, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985); *Salim v. Proulx*, 93 F.3d 86, 91 (2d Cir.1996).

Accordingly, defendants have demonstrated the absence of any genuine issue for trial of plaintiff's excessive force claim, and plaintiff has failed to come forward with specific facts showing that there is a genuine issue for trial. Summary judgment in favor of defendants is, therefore, appropriate.

### CONCLUSION

For the foregoing reasons, it is recommended that defendants' summary judgment motion **(Item 18)** be granted, and the case dismissed.

January 26, 1998.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. *See, e.g., Paterson–Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir.1988).

*Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.* *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir.1988).

274

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." *Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection .*

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the plaintiff and to the attorney for the defendants.

**SO ORDERED.**