Elizabeth A. **MARCZESKI**, Plaintiff,

v.

Susan B. **HANDY**, et al, Defendants.

Civ. No. 3:01CV1437(AHN).

United States District Court,
D. Connecticut.

July 9, 2002.

Elizabeth A. Marczeski, Pro Se, New London, CT, for Plaintiff.

Heather Wilson, Daniel R. Shapiro, Robert Bishop Fiske, III, Attorney General's Office Hartford, CT, for Defendants.

## ORDER

NEVAS, District Judge.

After review, the magistrate judge's recommended ruling, is approved, adopted and ratified.

## RECOMMENDED RULING ON MOTIONS TO DISMISS

FITZSIMMONS, United States Magistrate Judge.

### I. INTRODUCTION

The plaintiff, Elizabeth A. Marczeski ("Marczeski"), brings this action against defendants Handy, Mulaney, Knox, Fox, Franco, Deshpande, Puglisi and Steere. The action is brought in two counts, presumably under 42 U.S.C. § 1983,[1] and

---

1. As defendant Handy points out in her memorandum of law in support of her motion to dismiss ("Handy Memorandum"), although Marczeski has failed to set forth in her complaint any statutory basis for this court's juris-

arises out of a state criminal action in which Marczeski was charged with second degree harassment, adjudged incompetent and committed to Connecticut Valley Hospital ("CVH") to be restored to competency. Defendant Handy, a Connecticut Superior Court judge (hereinafter "Judge Handy"), moves that this action be dismissed in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), on the grounds of absolute judicial immunity and res judicata. [*See* Def. Handy's Mot. Dismiss (doc. # 11) at 1.][2] Defendant Steere, an assistant state's attorney (hereinafter "ASA Steere"), similarly moves to dismiss this action on the grounds that Marczeski has failed to state a claim, and that ASA Steere is entitled to absolute prosecutorial immunity, quasi-judicial immunity and/or qualified immunity. [*See* Def. Steere's Mot. Dismiss (doc. # 22) at 1.] For the reasons set forth herein, both motions to dismiss [**doc. # 11 & doc. # 22**] are **GRANTED**.

## II. STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, the court is required to accept as true all factual allegations in the complaint and draw inferences from these allegations in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Easton v. Sundram*, 947 F.2d 1011, 1014–15 (2d Cir.1991). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81

L.Ed.2d 59 (1984); *Frasier v. General Elec. Co.*, 930 F.2d 1004, 1007 (2d Cir. 1991); *Still v. DeBuono*, 101 F.3d 888, 891 (2d Cir.1996). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." *United States v. Yale New Haven Hosp.*, 727 F.Supp. 784, 786 (D.Conn. 1990) (citing *Scheuer*, 416 U.S. at 232, 94 S.Ct. 1683). "In adjudicating a Rule 12 motion, a district court must confine its consideration 'to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.' *Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir.1991)." *Leonard F. v. Israel Discount Bank of New York*, 199 F.3d 99, 107 (2d Cir.1999).

## III. DISCUSSION

### A. Facts Common to Both Motions to Dismiss

This case arises out of a state criminal action. Marczeski was arrested and charged with second degree harassment. ASA Steere prosecuted Marczeski before Judge Handy. On July 26, 1999, a hearing was held before Judge Handy, at which ASA Steere called defendant Knox, a clinical social worker employed by the State of Connecticut, to the stand. Defendant Knox testified that, in his professional opinion, Marczeski had "some understanding of the charges and proceedings against her" but that her understanding was not "a purely rational one." [Pl.'s Obj. to Def. Handy's Mot. Dismiss (doc. # 19), Ex. C1[3]

---

diction, the allegations suggest that the complaint could have been brought pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983; and the court construes it as such.

**2.** Judge Handy also argues that the complaint is so nonspecific, vague and conclusory that it fails to state a claim upon which relief may be granted and, further, to the extent any (and

only) state law claims survive, that this court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367.

**3.** Marczeski includes four different transcripts within "Exhibit C." Thus, the court, for convenience purposes, will refer to each as "C1," "C2," "C3," and "C4," respectively, in the order in which they appear.

(transcript of state proceeding).[4]] He also testified that, in his opinion, Marczeski could not "assist in her defense at [that] time" because she was "suffering from paranoid beliefs ... of a magnitude that [would] impair her judgment, would prevent her from effectively testifying in her defense, and [would] prevent her from assisting her attorney to the fullest degree that [was] going to be required in [the] case." [Id.] He concluded, finally, that Marczeski was "not competent at [that] time" but that "she [could] be made competent through treatment" at CVH. [Id.]

At the July 26, 1999 hearing, Judge Handy expressed her concerns about Marczeski's physical problems, which needed "immediate medical attention," and questioned defendant Knox as to whether "CVH and the Department of Mental Health [could] coordinate her medical care as well [as her psychological care]." [Id.] Defendant Knox testified that, to the best of his knowledge, CVH would be able to treat Marczeski's physical problems as well. [Id.] Because Judge Handy wanted to confirm the availability of medical treatment, she continued the matter until July 28, 1999.

After the hearing on July 28, 1999, Judge Handy found, based mainly on the testimony and evidence submitted on July 26, 1999, that Marczeski was incompetent, and also found that there was "a substantial probability that if [Marczeski were] provided with a course of treatment she [would] regain her competency." [Pl.'s Obj. to Def. Handy's Mot. Dismiss (doc. # 19), Ex. C2 (transcript of state proceeding); Def. Steere's Mem. Law in Support of Mot. Dismiss ("Steere Mem.") (doc. # 23), Ex. C (transcript of state proceed-

ing).] Judge Handy further found that "the least restrictive placement for [Marczeski was] CVH for inpatient treatment." [Id.]

At no time during either hearing did Marczeski object on the record to being transferred to CVH, except with respect to the duration of the commitment. [See Pl.'s Obj. to Def. Handy's Mot. Dismiss (doc. # 19), Ex. C2 (transcript of state proceeding) (questioning whether the stay would be sixty days or "up to sixty days").] Indeed, from Marczeski's statements, it seems that her commitment to CVH was either planned or understood by both her and her attorney. [See id. (where Marczeski stated on the record, after being remanded to CVH by Judge Handy for sixty days: "Your Honor, I thought my lawyer, Ms. Watkins, told me it was up to sixty days, not sixty days").]

After spending approximately forty-five days at CVH, Marczeski again appeared before Judge Handy on or about September 16, 1999. [See Pl.'s Obj. to Def. Handy's Mot. Dismiss (doc. # 19), Ex. C3 (transcript of unspecified state proceeding, which apparently took place on or about September 16, 1999).] Marczeski was again represented by Attorney Watkins, but defendant Steere was not present. [See id.] Because Marczeski had apparently filed a grievance against Judge Handy after the previous proceeding, Judge Handy stated that she would proceed only if Marczeski agreed to waive any objection to Judge Handy presiding over the proceeding. [See id. (at pp. 1–2 of Ex. C3).] Marczeski agreed, and waived any objection. [See id. (at p. 2 of Ex. C3) (stating that she was "comfortable having

---

4. In deciding this motion to dismiss, the court considers the transcripts of various state proceedings, and the pleadings filed and orders entered in previous related actions in this court, not only because they are attached to

the memoranda of plaintiff and defendants, but because the court may take judicial notice of them. *See, e.g., Ackermann v. Doyle,* 43 F.Supp.2d 265, 268 (E.D.N.Y.1999); Fed. R.Evid. 201.

[Judge Handy] sit on this particular proceeding" and that she had "no problem with that").] Thereafter, pursuant to a previous agreement between Marczeski's attorney and defendant Steere, Judge Handy found Marczeski restored to competency and scheduled the next pre-trial proceeding. [*See id.* (at pp. 3–4 of Ex. C3).]

Finally, at a hearing on or about September 30, 1999,[5] defendant Steere informed the court that Marczeski would be entering a plea. [*See* Pl.'s Obj. to Def. Handy's Mot. Dismiss (doc. # 19), Ex. C4, at p. 2 thereof (transcript of unspecified state proceeding, which apparently took place on or about September 30, 1999).] The clerk read into the record that Marczeski had submitted a written plea of nolo contendere. [*See id.* (at p. 3 of Ex. C4).] Defendant Steere noted that the State had no objection and read the facts of the case into the record. [*See id.*]

Judge Handy[6] thereafter questioned Marczeski with respect to her plea. In response to Judge Handy's questions, Marczeski testified that she was entering a plea of nolo contendere because she did not necessarily agree with the facts as stated by ASA Steere and because there was a civil case pending which arose out of the same or similar facts and circumstances. [*See id.* (at p. 4 of Ex. C4).] Marczeski also testified that she understood that she was giving up her right to a trial, that she understood the State's burden of proof and what the penalties would

be if she were convicted, and that she was "pleading voluntarily and of [her] own free will." [*Id.*] Both Marczeski's attorney and defendant Steere testified that they knew of no reason why Marczeski's plea should not be accepted. [*See id.* (at p. 5 of Ex. C4).] Accordingly, Judge Handy made "a finding that the plea [was] voluntary," that it was "made with understanding," that it was "made with the assistance of competent and effective counsel," and that there was a "factual basis for the plea." [*Id.*] Therefore, Judge Handy accepted the plea of nolo contendere and entered a finding of "guilty ... to the charge of harassment in the second degree." [*Id.*]

Shortly thereafter, Marczeski brought suit in this court against, *inter alia*, Judge Handy, ASA Steere, defendant Knox and defendant Fox, in the matter of *Marczeski v. Kamba*, 3:99cv2479(AWT). [*See* Handy Mem., Ex. A.][7] The claims against Judge Handy and ASA Steere arose out of the same set of facts as the instant case. Upon Marczeski's own motions, both Judge Handy and ASA Steere were dismissed from that action. Judge Handy was dismissed with prejudice. [*See* Handy Mem., Ex. C.][8]

## B. *Defendant Handy's Motion to Dismiss*

 Judge Handy's motion to dismiss is based primarily on the doctrine of absolute judicial immunity. It has long been established that a judge is absolutely im-

---

5. Again, Marczeski has not identified the date of the transcript but has instead attached only excerpts. However, at the previous proceeding, Judge Handy scheduled the final matter for September 30, 1999. Accordingly, the court will assume that this is the date on which it took place.

6. Because the transcript does not identify which judge presided over this matter, the court can only assume, based on Marczeski's submission of this transcript and from the

context of the hearing, that Judge Handy presided over this hearing.

7. Apparently, Marczeski did not name defendants Puglisi, Deshpande or Franco in that action.

8. ASA Steere does not submit any documents relating to her dismissal, nor does she argue res judicata or that she was dismissed with prejudice from the 1999 action.

mune from suit for money damages for all actions taken in the course of his or her judicial duties, as long as the judge has not acted without jurisdiction. *See Tucker v. Outwater,* 118 F.3d 930, 932–33 (2d. Cir. 1997) (and authority cited within). Judicial immunity "is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco,* 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (internal citations omitted). This immunity extends to actions brought pursuant to 42 U.S.C. § 1983. *See Tucker,* 118 F.3d at 932 (citation omitted).

■ The Supreme Court has developed a two-part test for determining whether a judge is entitled to absolute immunity. *See Stump v. Sparkman,* 435 U.S. 349, 360, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). First, "[a] judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority; rather [s]he will be subject to liability only when [s]he has acted in the clear absence of all jurisdiction." *Id.* at 356–57, 98 S.Ct. 1099 (citation and internal quotations omitted). Second, a judge is immune only for actions performed in her judicial capacity. *See id.* at 360–63, 98 S.Ct. 1099. In this case, Marczeski does not, and likely could not, allege that Judge Handy acted in a non-judicial capacity. Indeed, plaintiff's claim specifically relates to Judge Handy's handling and resolution of Marczeski's criminal charges. Therefore, the only

question is whether the judge acted "in the clear absence of all jurisdiction."

■ Marczeski's claim against Judge Handy relates predominantly to Judge Handy's committing Marczeski to CVH and subsequently accepting Marczeski's plea bargain. [*See, e.g.,* Compl. ¶¶ 2, 8, 18.] It is clear from the complaint and transcripts submitted by both parties that Marczeski's only interaction with Judge Handy occurred in the courtroom and concerned the resolution of Marczeski's pending criminal charges. Any action taken by Judge Handy was a "general function, normally performed by a judge," *Mireles,* 502 U.S. at 13, 112 S.Ct. 286, and clearly within her jurisdiction, *see, e.g.,* Conn. Gen. Stat. § 54–56d (providing authority for a judge to order a competency evaluation and place a criminal defendant in a mental health facility if she is found to be incompetent but capable of being restored to competency). Because all of the allegations against Judge Handy fall squarely within her judicial jurisdiction, they all fall within the scope of absolute judicial immunity. Accordingly, Marczeski's claims against Judge Handy are dismissed in their entirety.[9]

C. *Defendant Steere's Motion to Dismiss*

■ ASA Steere's motion to dismiss is based mainly on the related doctrines of absolute prosecutorial immunity and quasi-judicial immunity. The doctrine of abso-

---

**9.** The court also finds that the doctrine of res judicata bars this action against Judge Handy. As noted, Marczeski previously brought an action against Judge Handy arising out of the same facts, and Marczeski herself moved to dismiss Judge Handy "with prejudice." *See supra,* section III(A). A dismissal with prejudice has the effect of a final adjudication on the merits, with the preclusive effect of res judicata attaching not only as to all matters litigated and decided by it, but as to all relevant issues which could have been but were

not raised and litigated in the suit. *See Nemaizer v. Baker,* 793 F.2d 58, 60–61 (2d Cir. 1986) (citation and quotations omitted). All of Marczeski's claims against Judge Handy in this case either were raised or could have been raised in her prior suit. Thus the instant action is also barred by the doctrine of res judicata. In light of the court's holdings regarding judicial immunity and res judicata, the court need not decide whether Marczeski's complaint otherwise fails to state a claim under Rule 12(b)(6).

lute prosecutorial immunity applies to civil rights suits brought under 42 U.S.C. § 1983, *see Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), as well as state law claims, *see Massameno v. Statewide Grievance Committee*, 234 Conn. 539, 563, 567, 663 A.2d 317 (1995). The United States Supreme Court has stressed the importance of prosecutors operating entirely free from scrutiny "both in deciding which suits to bring and in conducting them in court." *Imbler*, 424 U.S. at 424, 96 S.Ct. 984. *See also Barbera v. Smith*, 836 F.2d 96, 100–01 (2d Cir.1987). The absolute immunity accorded to prosecutors "encompasses not only their conduct of trials but all of their activities that can fairly be characterized as closely associated with the conduct of litigation or potential litigation." *Barrett v. United States*, 798 F.2d 565, 571–72 (2d Cir.1986).

▮ In this case, reading Marczeski's complaint in the light most favorable to her, she alleges, at most, that ASA Steere failed to investigate Marczeski's claims of wrongdoing by the criminal complainants in the state court action. This court has held that claims based on an alleged failure to investigate come within the absolute immunity afforded by *Imbler*. *See Halpern v. City of New Haven*, 489 F.Supp.

841, 843–44 (D.Conn.1980) (Eginton, J.) (referring to both "Imbler's absolute [prosecutorial] immunity" and "quasi-judicial" immunity).[10] Other courts in this circuit have held similarly. *See, e.g., Trammell v. Coombe*, No. 95 Civ. 1145(LAP), 1996 WL 601704, *3 (S.D.N.Y. Oct. 18, 1996); *Woolfolk v. Thomas*, 725 F.Supp. 1281, 1283 (N.D.N.Y.1989). *See also* 67 A.L.R. Fed. 640 (1984) (discussing cases that have held "that a state prosecutor's alleged failure to investigate circumstances impacting upon a criminal case was conduct well within the scope of absolute prosecutorial immunity from damages liability under 42 U.S.C. § 1983"). This court agrees with those cases and finds that ASA Steere's actions, as alleged by Marczeski, were "intimately associated with the judicial phase of the criminal process" and thus protected by the doctrine of absolute prosecutorial immunity. Accordingly, Marczeski's claims against ASA Steere are dismissed.[11]

### IV. CONCLUSION

For the reasons stated above, defendants' motions to dismiss [**doc. # 11 & doc. # 22**] are **GRANTED**. Any objection to this recommended ruling must be filed with the Clerk of Court within ten (10) days of its receipt by the parties. Failure

---

**10.** ASA Steere addresses the doctrines of absolute prosecutorial immunity and quasi-judicial immunity as though they were two separate theories. However, most cases seem to equate the two. *See, e.g., McDonald v. Doe*, 650 F.Supp. 858, 860 (S.D.N.Y.1986). Indeed, the *McDonald* court explained that prosecutors are entitled to absolute immunity only for quasi-judicial, as opposed to "investigative" (i.e., when acting with police officers in the execution of a warrant) or "administrative" acts. *See id.* In this case, ASA Steere's alleged actions occurred within her quasi-judicial duties. Though referred ·to by this court as a "failure to investigate," ASA Steere did not act (or fail to act) outside the role of a traditional prosecutor. This is not a claim relating to any "investigative" role she might have assumed which is more traditionally

within the realm of police officers. She merely exercised her discretion not to pursue the possible improprieties of other individuals. Indeed, ASA Steere's actions were analogous, if not identical, to a failure to prosecute, which is firmly established to be within a prosecutor's discretion, and well within the scope of the absolute immunity accorded to prosecutors. Accordingly, ASA Steere is absolutely immune from Marczeski's claims, regardless of whether that immunity is termed "prosecutorial" or "quasi-judicial."

**11.** Given the court's holding that ASA Steere is entitled to absolute immunity, the court need not decide whether Marczeski's complaint fails to state a claim or whether ASA Steere is entitled to qualified immunity.

142

to object within ten (10) days will preclude appellate review. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rule 2 of the Local Rules for United States Magistrates; *Small v. Secretary of HHS,* 892 F.2d 15, 16 (2d Cir.1989).

June 3, 2002.