**James E. TUCKER, Plaintiff–Appellee,**

**v.**

**Marilyn OUTWATER, Defendant–Appellant,**

**and**

**The County of Jefferson, et al., Defendants.**

**No. 3440, Docket 96–9251.**

United States Court of Appeals, Second Circuit.

Argued April 28, 1997.

Decided July 7, 1997.

Robert J. Leader, Governeur, NY (Case, Leader & Brownell, L.L.P., Governeur, NY, on the brief), for plaintiff-appellee.

Timothy J. Perry, Syracuse, NY (Sugarman, Wallace, Manheim & Schoenwald, Syracuse, NY, on the brief), for defendant-appellant.

Before: KEARSE, Circuit Judge, CALABRESI, Circuit Judge, and OBERDORFER, District Judge.*

OBERDORFER, District Judge:

Town Justice Marilyn Outwater appeals from the August 22, 1996 judgment of the United States District Court for the Northern District of New York, denying her motion to dismiss the complaint. The district court held that Outwater was not entitled to judicial immunity because she acted in the clear absence of all jurisdiction. This Court concludes that Outwater did not act in clear absence of all subject matter jurisdiction and enjoys immunity from plaintiff's claim for damages. The judgment of the district court is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

## I.

### Background

Plaintiff James Tucker filed this action pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment against two counties, several law enforcement officers, and Marilyn Outwater, a Town Justice in the Town of Watertown, Jefferson County, New York. Plaintiff seeks damages and attorneys' fees for his alleged false arrest, malicious prosecution, and illegal confinement. On this appeal from the denial of a motion to dismiss, we accept the facts alleged in the complaint, plaintiff's supporting affidavits and interrogatory answers, and reasonable inferences drawn therefrom in the light most favorable to the plaintiff.

In the Town of Italy, Yates County, New York, on the night of December 4, 1993, plaintiff Tucker was asleep in the passenger side of a pickup truck when the driver, Douglas VanAmburg, lost control of the truck, after which it struck a culvert causing serious injuries to plaintiff. VanAmburg originally admitted to Yates County officers at the scene of the accident that he was driving the truck. Thereupon, one of the officers issued tickets charging VanAmburg with driving while intoxicated and failure to keep right. At some time between December 4, 1993 and March 1994, the tickets issued to VanAmburg were canceled.

For reasons unexplained on the record, on March 16, 1994, over three months after the accident, the same officer who had ticketed VanAmburg filed an information in the Town Court of Italy charging that it was plaintiff who was under the influence of alcohol and who had driven the truck into the culvert, injuring himself. That same day, Justice Duane Shay of the Town Court of Italy issued a warrant for plaintiff's arrest.

On March 18, 1994, between 3:00 a.m. and 5:00 a.m., officers of the Yates and Jefferson County Sheriffs' Departments arrested plaintiff at his home in the Town of Evans Mills in Jefferson County, New York, some 100 miles away from Yates County. The officers transported him to the Town of Watertown, also in Jefferson County. Although Justice Shay's warrant for plaintiff's arrest was extant, the officers were not in possession of it or any other accusatory instrument at the time they arrested plaintiff. By prearrangement, the arresting officers promptly brought plaintiff before Justice Outwater at her town court in Watertown. After denying plaintiff's request to see the warrant and any accusatory instruments (and without disclosing that she did not have them at hand), Justice Outwater set bail at $800 and remanded plaintiff to jail when he failed to post bail.

---

* The Honorable Louis F. Oberdorfer, of the United States District Court for the District of Columbia, sitting by designation.

Seven days later, on March 25, 1994, plaintiff was again brought before Justice Outwater. He repeated his request for copies of the warrant, ticket, and other supporting papers. Instead, plaintiff was furnished with illegible copies of DWI tickets. After some undetermined time, plaintiff was released. On March 4, 1995, a jury in the Town of Italy, Yates County, found him not guilty.

On June 7, 1995, plaintiff commenced this action, alleging that Justice Outwater, the arresting officers, and others had violated rights guaranteed to him by section 1983 and the Fourteenth Amendment. Justice Outwater moved to dismiss on the ground of judicial immunity. The district court, relying upon *Maestri v. Jutkofsky,* 860 F.2d 50 (2d Cir.1988), denied the motion to dismiss. The Court held that Outwater had acted in the clear absence of all jurisdiction, and thus was not entitled to judicial immunity. The ultimate legal issue presented by this appeal is whether Justice Outwater is entitled to absolute immunity from damages by virtue of possessing subject matter jurisdiction over the preliminary proceedings that she conducted, pursuant to section 120.90(3) of the New York Criminal Procedure Law.[1]

## II.

### Analysis

A. *Applicable Law*

Since the seventeenth century, the common law has immunized judges from damage claims arising out of their judicial acts. *See, e.g., Floyd v. Barker,* 77 Eng. Rep. 1305 (Star Chamber 1607) (judges of courts of record). This doctrine was embraced by the Supreme Court in 1872 in *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1872). *Bradley* established as "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Id.* at 347. "Because 'some of the most difficult and embarrassing questions which a judicial officer is called upon to consider and determine relate to his jurisdiction ...,' the scope of the judge's jurisdiction must be construed broadly when the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978) (quoting *Bradley,* 80 U.S. at 352). The cloak of immunity is not pierced by allegations of bad faith or malice, *Pierson v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213, 1217, 18 L.Ed.2d 288 (1967), even though "unfairness and injustice to a litigant may result on occasion." *Mireles v. Waco,* 502 U.S. 9, 9, 112 S.Ct. 286, 287, 116 L.Ed.2d 9 (1991). The principle of judicial immunity recognizes that a judge may err. But "it is better for a judge when exercising the discretion inherent in his judicial power 'to risk some error and possible injury from such error than not to decide or act at all.'" *Green v. Maraio,* 722 F.2d 1013, 1017 (2d Cir.1983) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 242, 94 S.Ct. 1683, 1689, 40 L.Ed.2d 90 (1974)). The Supreme Court has repeatedly reaffirmed these principles. *See, e.g., Mireles,* 502 U.S. at 9, 112 S.Ct. at 286, *Forrester v. White,* 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); *Cleavinger v. Saxner,* 474 U.S. 193, 106 S.Ct. 496, 88

---

1. Section 120.90(3) provides in relevant part that:

Upon arresting a defendant for an offense other than a felony pursuant to a warrant of arrest in a county other than the one in which the warrant is returnable or one adjoining it, a police officer or peace officer ... if he be one to whom the warrant is addressed, must inform the defendant that he has a right to appear before a local criminal court of the *county of arrest* for the purpose of being released on his own recognizance or having bail fixed. If the defendant does not desire to avail himself of such right, the officer must request him to endorse such fact upon the warrant, and upon such endorsement the officer must

without unnecessary delay bring him before *the court in which the warrant is returnable.* If the defendant does desire to avail himself of such right, or if he refuses to make the aforementioned endorsement, the officer must without unnecessary delay bring him before *a local criminal court of the county of arrest.* Such court must release the defendant on his own recognizance or *fix bail* for his appearance on a specified date *in the court in which the warrant is returnable.* If the defendant is in default of bail, the officer must without unnecessary delay bring him before *the court in which the warrant is returnable.*

(emphases added).

L.Ed.2d 507 (1985); *Dennis v. Sparks,* 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980); *Supreme Court of Virginia v. Consumers Union of United States, Inc.,* 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980); *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978); *Stump,* 435 U.S. at 349, 98 S.Ct. at 1099. The Supreme Court has specifically applied the doctrine of judicial immunity to actions brought pursuant to 42 U.S.C. § 1983. *See Pierson,* 386 U.S. at 547, 87 S.Ct. at 1213.

▮ In *Stump,* the Court developed a two-part test for determining whether a judge is entitled to absolute immunity from damage claims. *See* 435 U.S. at 360, 98 S.Ct. at 1106. First, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the '*clear absence of all jurisdiction.*'" *Id.* at 356–57, 98 S.Ct. at 1105 (emphasis added) (quoting *Bradley,* 80 U.S. at 351). Second, a judge is immune only for actions performed in his judicial capacity. *Id.* at 360–63, 98 S.Ct. at 1106–08; *see also Gregory v. Thompson,* 500 F.2d 59, 62 (9th Cir.1974) (finding no immunity for assaulting litigant).

▮ Plaintiff does not argue that Justice Outwater acted in a non-judicial capacity. That requirement is not at issue here. In any event, Justice Outwater's arraignment of plaintiff and setting of bail were plainly judicial acts. Plaintiff does argue, however, and persuaded the district court, that Justice Outwater acted in the clear absence of all jurisdiction. This Court reviews that conclusion of law *de novo.*

*Stump* guides the determination of whether a judge acts in the clear absence of all jurisdiction or merely in excess of jurisdiction. In *Stump,* a mother petitioned an Indiana Circuit Court for authority to have her "somewhat retarded" fifteen-year old daughter sterilized. Circuit Judge Stump approved the petition the same day in an *ex parte* proceeding without a hearing and without notice to the daughter or appointment of a guardian *ad litem.* The daughter was sterilized, having been told that she was having her appendix removed. Approximately two years later, the daughter learned that she had been sterilized. She sued, among others, Judge Stump. The district court dismissed the case against the judge on the ground that he was entitled to absolute immunity. The Court of Appeals reversed, holding that Judge Stump had acted in the clear absence of all jurisdiction. The Court of Appeals also held that the judge had forfeited whatever jurisdiction he had "because of his failure to comply with elementary principles of procedural due process." *Stump,* 435 U.S. at 355, 98 S.Ct. at 1104. The Supreme Court reversed, holding that Stump was entitled to judicial immunity. The Court found that Stump had acted within the broad jurisdictional grant conferred upon his court. Furthermore, the Court found that the Court of Appeals had "misconceive[d] the doctrine of judicial immunity" in holding that the judge's failure to comply with elementary principles of due process precluded an immunity defense of his action. *Id.* at 359, 98 S.Ct. at 1106. The Court stated:

> A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors. The Court made this point clear in *Bradley,* where it stated: "[T]his erroneous manner in which [the court's] jurisdiction was exercised, however it may have affected the validity of the act, did not make the act any less a judicial act; nor did it render the defendant liable to answer in damages for it at the suit of the plaintiff, as though the court had proceeded without having any jurisdiction whatever...."

*Id.* (internal citations omitted).

By reference to an illustration from *Bradley, Stump* further distinguished between an "excess of jurisdiction" and "the clear absence of all jurisdiction over the subject matter."

> Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. *But where jurisdiction over the subject-matter is invested by law in the*

judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend.

*Id.* at 356 n. 6, 98 S.Ct. at 1104 n. 6 (citing *Bradley*, 80 U.S. at 351). *Bradley* provided an example:

Thus, if a probate court, invested only with authority over wills and the settlement of estates of deceased persons, should proceed to try parties for public offences, jurisdiction over the subject of offences being entirely wanting in the court, and this being necessarily known to its judge, his commission would afford no protection to him in the exercise of usurped authority. But if on the other hand a judge of a criminal court, invested with general criminal jurisdiction over offences committed within a certain district, should hold a particular act to be a public offence, which is not by the law made an offence, and proceed to the arrest and trial of a party charged with such act, or should sentence a party convicted to a greater punishment than that authorized by the law upon its proper construction, no personal liability to civil action for such acts would attach to the judge, although those acts would be in excess of his jurisdiction, or of the jurisdiction of the court held by him, for these are particulars for his judicial consideration, whenever his general jurisdiction over the subject-matter is invoked.

*See* 80 U.S. at 352.

In *Maestri v. Jutkofsky*, 860 F.2d 50 (2d Cir.1988), the case relied upon by the district court here to reject the immunity defense, we elaborated on the distinction between a judicial act in excess of jurisdiction and an act in the clear absence of jurisdiction:

Because scrutiny of a judge's state of mind would hinder the adjudicatory process in the very manner that the judicial immunity doctrine is designed to prevent, a judge will be denied immunity only where it appears, first, that the judge acted in the clear absence of jurisdiction, and second,

that the judge must have known that he or she was acting in the clear absence of jurisdiction. This test, composed both of an objective element—that jurisdiction is clearly absent, *i.e.*, that no reasonable judge would have thought jurisdiction proper—and of a subjective element—that the judge whose actions are questioned actually knew or must have known of the jurisdictional defect—protects judicial acts from hindsight examination while permitting redress in more egregious cases, such as where a judge knowingly acts outside his territorial jurisdiction.

*Id.* at 53.

*Maestri* considered the immunity defense raised by Joseph Jutkofsky, the Town Justice of the Town of Taghkanic, New York. Justice Jutkofsky issued a warrant for the arrest of plaintiffs Maestri and Zook for their conduct in the Town of Germantown, New York. Maestri and Zook sued Justice Jutkofsky, among others, alleging deprivation of their rights pursuant to 42 U.S.C. § 1983. The district court dismissed the suit against Justice Jutkofsky on the ground of judicial immunity. This Court reversed, holding that Justice Jutkofsky acted in the clear absence of all jurisdiction and must have known that he was acting in the clear absence of all jurisdiction.

*Maestri* turned on the requirements of New York Criminal Procedure Law that (i) a complaint must be filed in the town in which the offense was committed, *see* N.Y.Crim. Pro. Law § 100.55(4) (McKinney 1992); and (ii) a warrant for arrest must be issued only by the court in which the complaint was filed, *id.* at § 120.30(1). Alternatively, if a town justice of the town in which the offense occurred were not available to receive a complaint and issue an arrest warrant, the complaint may be filed with the town court of any adjoining town within the same county. *Id.* at § 120.30(2). The offense in *Maestri* was allegedly committed in the Town of Germantown. Section 100.55(4) required, therefore, that the complaint be filed in the town court of the Town of Germantown. In addition, only that court had jurisdiction to issue a warrant pursuant to that complaint. In *Maestri*, however, the complaint was filed in

the town court for the Town of Taghkanic. Town Justice Jutkofsky issued a warrant pursuant to that complaint, even though the offense was allegedly committed in the Town of Germantown. Finally, "[u]nder no circumstance" could section 120.30(2) confer jurisdiction. *See Maestri,* 860 F.2d at 52. The Town of Germantown, the site of the offense, and the Town of Taghkanic, where Justice Jutkofsky sat, although in the same county, do not adjoin one another. *See Maestri,* 860 F.2d at 52. The law created in Justice Jutkofsky, where he sat, no jurisdiction to issue any warrant to arrest Maestri and Zook, whose alleged crime occurred neither there nor in an adjoining town. Therefore, Justice Jutkofsky was not entitled to judicial immunity.

The facts of *Maestri* are distinguishable from the facts in the instant case. Here, unlike Justice Jutkofsky, Justice Outwater of Watertown, Jefferson County (the county of plaintiff's arrest) neither received the original complaint nor issued the arrest warrant. That was the work of Justice Shay, acting several days earlier in the town of Italy, Yates County (the site of the alleged offense) as he was authorized to do by N.Y.Crim. Pro. Law § 100.55(4). Rather, Justice Outwater merely arraigned defendant, set bail, and remanded him when he failed to make bail as she was authorized to do by N.Y.Crim. Pro. Law § 120.90(3).

Section 120.90(3) provides that where, as here, a defendant is arrested in neither the county in which the arrest warrant is returnable nor the county that adjoins that county, the defendant may elect to appear before a local criminal court in the county of arrest. The arrest warrant was issued by, and returnable to, the town court of the Town of Italy in Yates County, New York. *See* N.Y.Crim. Pro. Law § 120.30 (McKinney 1992). Plaintiff was arrested in Jefferson County, New York. Justice Outwater's court, in the Town of Watertown, is also located in Jefferson County. That court is also a "local criminal court." *See id.* at § 10.10(3). Finally, this court takes judicial notice of the fact that Jefferson County and Yates County do not adjoin and, in fact, are separated by over 100 miles and several large lakes. In sum, Section 120.90(3) authorized Justice Outwater to exercise jurisdiction over plaintiff for the purpose of arraigning[2] him and fixing and enforcing bail because she sits on a local criminal court (Town of Watertown) in the county of arrest (Jefferson County), which was neither the county in which the warrant was returnable (Yates County) nor an adjoining county.

Plaintiff argues, nevertheless, that even if such jurisdiction exists pursuant section 120.90(3), Justice Outwater is not entitled to judicial immunity because she did not comply with the procedural requirements of section 120.90(3) or section 120.70(2). Section 120.70(2) states that when a warrant is executed in neither the county of issuance nor an adjoining county, it must be endorsed by a local criminal court of the county of arrest. Section 120.90(3) states that the defendant must be informed of his right to appear before a local criminal court of the county of arrest. If the defendant elects to appear before a local criminal court in that county, he must be taken there for that purpose. If the defendant does not wish to exercise his right to appear before a local criminal court in the county of arrest, the arresting officer must ensure that the defendant endorse that fact upon the warrant for arrest. Otherwise, the officer must bring the defendant before a

2. We do not address plaintiff's argument that while section 120.90(3) may have conferred subject matter jurisdiction to set bail and release plaintiff on his own recognizance, it did not confer subject matter jurisdiction for Justice Outwater to arraign plaintiff. Plaintiff failed to raise this argument before the district court. As a general matter, "a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976). This general rule "may be overcome only when necessary to avoid manifest injustice, or where there is some extraordinary need to consider appellant's claim." *Amalgamated Clothing and Textile Workers Union v. Wal–Mart Stores,* 54 F.3d 69, 73 (2d Cir.1995) (internal citations and quotations omitted). Since no apparent consequence flowed from the arraignment, and plaintiff has not made a showing of manifest injustice or extraordinary need for us to consider the matter, the general rule precludes consideration of any claim plaintiff might have growing out of his arraignment *per se.*

local criminal court in the county of arrest. *Id.* at § 120.90(3).

Plaintiff is correct in asserting that there is no evidence in the record of either of these endorsements. Such omissions, however, concern the "manner and extent in which jurisdiction shall be exercised." *Stump,* 435 U.S. at 356 n. 6, 98 S.Ct. at 1104 n. 6. By asserting jurisdiction without complying with the formal requirements of sections 120.90(3) and 120.70(2), Justice Outwater may well have acted in excess of her jurisdiction. But her mistakes are precisely the kind of "procedural errors," albeit "grave," that do not deprive a judge of subject matter jurisdiction—or judicial immunity. *Id.* at 359, 98 S.Ct. at 1106.

■ This conclusion comports with *Maestri.* A judge will be denied immunity for damages where he (i) acts in the clear absence of all jurisdiction; and (ii) knew or must have known that he was acting in such a manner. The first element of the test is an "objective" inquiry as to whether "jurisdiction is clearly absent, *i.e,* ... no reasonable person would have thought jurisdiction proper." *Maestri,* 860 F.2d at 53. The second element of the test is a subjective inquiry as to whether "the judge whose actions are questioned actually knew or must have known" that he was acting in the clear absence of all jurisdiction. *Id.* In this case, plaintiff offered the affidavits of two New York town justices to the effect that no reasonable judge would have done what Justice Outwater did. Nonetheless, it cannot be said consistently with Supreme Court jurisprudence that "jurisdiction is clearly absent" where, as here, "jurisdiction over the subject-matter is invested by law in the judge." *Stump,* 435 U.S. at 356 n. 6, 98 S.Ct. at 1104 n. 6. Since consideration of *Maestri's* first objective element does not deprive Justice Outwater of immunity, this court need not consider what she knew or must have known in exercising jurisdiction over plaintiff.

Today's decision is consistent with earlier immunity rulings. *See Maestri,* 860 F.2d at 52–53; *Green v. Maraio,* 722 F.2d 1013 (2d Cir.1983); *Heimbach v. Village of Lyons,* 597 F.2d 344 (2d Cir.1979) (per curiam). *Heimbach* grew out of the concerted effort by

village officials, including a Village Justice of the Peace, to facilitate commercial development of a site occupied by low-income tenants. The Justice played his part by issuing a warrant for the arrest of Heimbach, one of the tenants, for a "supposed misdemeanor pursuant to a section of the State Building Construction Code which has no provision for criminal penalties, and, in particular, has no penalties applicable to a tenant such as ... Heimbach." *Heimbach,* 597 F.2d at 346. *Heimbach* affirmed the district court's dismissal of the action against the Justice because he did have "jurisdiction over criminal matters under New York State law ... and ... the power to issue criminal warrants...." *Id.* at 346. The Justice did not, in the words of *Bradley,* act in the " 'clear absence of all jurisdiction' " and thus was immune from liability on Heimbach's damage suit. *Id.* (quoting *Bradley,* 80 U.S. at 351). Likewise, in *Green v. Maraio,* 722 F.2d 1013 (2d Cir.1983), the plaintiff alleged that a trial judge in a New York county court had altered a transcript in his case after it was completed and the judge no longer had jurisdiction. *Green* upheld the dismissal of plaintiff's case against the judge on the ground that while the judge may not have retained personal jurisdiction over the plaintiff and the completed case, he had subject matter jurisdiction, did not act in the clear absence of all jurisdiction, and was entitled to immunity. Similarly, by operation of section 120.90(3), Justice Outwater enjoyed jurisdiction over bail and the power to enforce the conditions thereof with respect to persons arrested within her bailiwick.

This decision is also consistent with the judicial immunity jurisprudence of sister circuits. For example, in *O'Neil v. City of Lake Oswego,* 642 F.2d 367 (9th Cir.1981), a state court judge convicted a woman of contempt without complying with "all the requirements of a statute conferring jurisdiction." *Id.* at 369. Contempt was a subject matter over which the judge had jurisdiction, however. The Ninth Circuit accorded him judicial immunity because he had ruled "on matters belonging to categories within the[ ] court's jurisdiction, even when [he had failed] to comport with procedural niceties necessary

to give the court power over the particular matter." *Id.* at 370. Failure to comply with those procedural niceties is "the sort of 'grave procedural error' that does not pierce the cloak of immunity.'" *Id.* at 369; *see also Williams v. Sepe,* 487 F.2d 913 (5th Cir.1973) (per curiam) (providing immunity in face of failure to comply with the procedure for prosecuting an indirect contempt); *Robinson v. McCorkle,* 462 F.2d 111 (3d Cir.1972) (providing immunity to judge who committed plaintiff to hospital pursuant to a repealed statute); *Jacobson v. Schaefer,* 441 F.2d 127 (7th Cir.1971) (providing immunity to county judge who abused his discretion by setting unlawful conditions to bail).

Likewise, in *Lopez v. Vanderwater,* 620 F.2d 1229 (7th Cir.1980), the Seventh Circuit held that an Illinois circuit court judge who arraigned, convicted, and sentenced an accused without the assistance of a prosecutor, defense attorney, court reporter, or court clerk was entitled to judicial immunity from damages for that conduct, even though the judge was not assigned to sit in that particular branch of the court. The judge was entitled to absolute immunity because he was "authorized by law to hear the kind of case in which he acted." *Id.* at 1234.

### B. *Judicial Immunity in Courts of Limited Jurisdiction*

Although plaintiff did not raise the issue, we are constrained to note that there is Supreme Court dictum to the effect that judges who sit on courts of limited (as opposed to general) jurisdiction are immune from damages only if they act within their jurisdiction, and are subject to damage actions if they act in excess, although not in the clear absence, of all jurisdiction. *See Alzua v. Johnson,* 231 U.S. 106, 34 S.Ct. 27, 58 L.Ed. 142 (1913); *Bradley,* 80 U.S. at 351; *Randall v. Brigham,* 74 U.S. (7 Wall.) 523, 535–36, 19 L.Ed. 285 (1869). Two relatively recent Eighth and Tenth Circuit cases have

endorsed, without discussion, these Supreme Court statements. *See McClain v. Brown,* 587 F.2d 389, 390 (8th Cir.1978) (noting that judges of courts of limited jurisdiction are entitled to immunity for judicial acts performed within their jurisdiction, but not for actions in excess of their jurisdiction or, of course, in the clear absence of all jurisdiction); *Van Sickle v. Holloway,* 791 F.2d 1431, 1435 (10th Cir.1986) (same).[3] However, immunity decisions of this Court have apparently assumed, without deciding, that local New York state judges of limited jurisdiction enjoy the same immunity accorded to judges of general jurisdiction. *See Maestri,* 860 F.2d at 53 (town justice is entitled to absolute immunity for judicial acts not performed in the clear absence of all jurisdiction); *Heimbach,* 597 F.2d at 346 (village justice is entitled to absolute immunity for judicial acts not performed in the clear absence of all jurisdiction). Indeed, the clear weight of authority, including that of the New York courts, has also applied the *Bradley* immunity principles to both categories of judges. *See Cok v. Cosentino,* 876 F.2d 1 (1st Cir. 1989); *Dykes v. Hosemann,* 776 F.2d 942 (11th Cir.1985); *King v. Love,* 766 F.2d 962 (6th Cir.1985); *Ammons v. Baldwin,* 705 F.2d 1445, 1447 (5th Cir.1983); *O'Neil v. City of Lake Oswego,* 642 F.2d 367, 368 n. 2 (9th Cir.1981); *Lopez v. Vanderwater,* 620 F.2d 1229, 1234 (7th Cir.1980); *Turner v. Raynes,* 611 F.2d 92 (5th Cir.1980); *Gregory v. Thompson,* 500 F.2d 59, 62 (9th Cir.1974); *Owen v. Kronheim,* 304 F.2d 957 (D.C.Cir. 1962); *Lombardoni v. Boccaccio,* 121 A.D.2d 828, 504 N.Y.S.2d 260 (N.Y.App.Div.1986); *Sassower v. Finnerty,* 96 A.D.2d 585, 465 N.Y.S.2d 543 (N.Y.App.Div.1983).

This issue was not raised in the district court or on appeal. Plaintiff has made no special showing of "manifest injustice" or "extraordinary need." *See Amalgamated Clothing,* 54 F.3d at 73. Therefore, it is assumed, without deciding, that at least in a

---

**3.** *McClain,* inexplicably, does not cite previous Eighth Circuit decisions that accorded judges of courts of limited jurisdiction absolute immunity for all judicial acts not performed in the clear absence of all jurisdiction. *See Harley v. Oliver,* 539 F.2d 1143 (8th Cir.1976) (holding that probate judge is entitled to absolute immunity for all judicial acts not performed in the clear absence of all jurisdiction); *Duba v. McIntyre,* 501 F.2d 590 (8th Cir.1974) (holding that justice of the peace is entitled to absolute immunity for all judicial acts not performed in the clear absence of all jurisdiction).

section 1983 case, a judge of a court of limited jurisdiction is entitled, like a judge of a court of general jurisdiction, to judicial immunity for all judicial acts not performed in the clear absence of all jurisdiction.

## C. *Attorneys Fees and Injunctive Relief*

The original complaint against the several defendants includes a prayer for attorney fees and "other relief." There is authority for the proposition that judicial immunity does not shield a judge from responsibility for attorney fees sought by a prevailing party or from appropriate injunctive relief. *See Pulliam v. Allen,* 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984). On October 19, 1996, Congress limited the circumstances under which a plaintiff may obtain such relief. *See* 42 U.S.C. §§ 1983 & 1988, as amended by Pub.L. No. 104–317, Title III, § 309(c), Oct. 19, 1996, 110 Stat. 3853. This interlocutory appeal interrupted the opportunity of the district court to reach those issues. Therefore, it would be inappropriate at this time to address whether plaintiff may obtain such relief or whether Congress's 1996 amendments are applicable to this action.

## III.

## Conclusion

Accordingly, for the foregoing reasons, the judgment of the district court denying Justice Outwater's motion to dismiss is reversed and the case is remanded for further proceedings not inconsistent with this opinion.