**Rebecca CARLEY, M.D., Surgeon,**
**Plaintiff–Appellant,**

v.

**Richard S. LAWRENCE, Judge,**
**Defendant–Appellee.**

No. 01–7315.

United States Court of Appeals,
Second Circuit.

Nov. 20, 2001.

Dr. Rebecca Carley, Hicksville, NY, pro se.

Carol Fischer, Assistant Solicitor General, New York, NY; Caitlin Halligan, Deputy Solicitor General; Eliot Spitzer, Attorney General of the State of New York, for Judge Richard S. Lawrence, for appellee.

Present MINER, McLAUGHLIN, STRAUB, Circuit Judges.

SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiff-appellant Rebecca Carley, M.D., *pro se*, appeals from an order of the

United States District Court for the Eastern District of New York (Thomas C. Platt, *Judge* ), dismissing her complaint on the basis that, *inter alia,* defendant-appellee Judge Richard S. Lawrence is protected by the doctrine of absolute judicial immunity. We affirm.

Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 against Richard S. Lawrence, a Family Court Judge presiding in Nassau County, New York. The complaint alleges that Judge Lawrence violated the plaintiff's due process and equal protection rights under the Fourteenth Amendment, insofar as he: (1) conducted court proceedings without providing plaintiff with notice or an opportunity to be heard; and (2) found plaintiff in contempt of court and ordered that she be held without an opportunity for a bail application.

Defendant filed a motion to dismiss plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing, *inter alia,* that Judge Lawrence was protected by absolute judicial immunity. Defendant argued that plaintiff's claims were founded on court orders and court proceedings, which involved the exercise by Judge Lawrence of his judicial authority.

The United States District Court for the Eastern District of New York granted the defendant's motion to dismiss, finding that, *inter alia,* Judge Lawrence was absolutely immune from liability because his actions were taken within his judicial capacity. Plaintiff timely appealed.

This Court reviews *de novo* a district court's dismissal of a complaint pursuant to Rules 12(b)(1) and (6), accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. *See Ganino v. Citizens Utils. Co.,* 228 F.3d 154, 161 (2d Cir.2000); *McHugh v. Rubin,* 220 F.3d 53, 57 (2d Cir.2000). A dismissal is upheld only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Ganino,* 228 F.3d at 161 (citing *Friedl v. City of New York,* 210 F.3d 79, 83 (2d Cir.2000)).

Even applying this exacting standard of review, we conclude that the District Court properly found that the defendant was protected by absolute judicial immunity. This Court has held that a judge is entitled to absolute immunity from liability for damages under § 1983 for actions performed in his judicial capacity, and, in addition, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *See Fields v. Soloff,* 920 F.2d 1114, 1119 (2d Cir.1990); *see also Tucker v. Outwater,* 118 F.3d 930, 932–33 (2d Cir.1997) (civil liability may not be imposed on a judge for acts allegedly committed within the scope of the judge's jurisdiction and judicial duties), *cert. denied,* 522 U.S. 997, 118 S.Ct. 562, 139 L.Ed.2d 402 (1997). Plaintiff's claims against Judge Lawrence are based upon orders that he issued from the bench while presiding over a matter in Family Court. Such orders qualify as judicial acts. Therefore, Judge Lawrence is entitled to absolute immunity for those acts.

As a result of our finding of immunity for the defendant, all other issues raised by the plaintiff must be dismissed as moot. *See generally Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).