**Matt HALE, Plaintiff,**

v.

**Judge Joan H. LEFKOW, Defendant.**

No. 02–1420.

United States District Court,
C.D. Illinois.

Jan. 15, 2003.

Matt Hale, East Peoria, IL, for Plaintiff.

## ORDER

McDADE, Chief Judge.

Before the Court is Plaintiff Matt Hale's ("Hale") Complaint [Doc. # 1]. Hale's complaint alleges that Defendant Judge Joan H. Lefkow ("Judge Lefkow") has violated Hale's First, Fourth, and Fifth Amendment rights and seeks declaratory and injunctive relief. Since Judge Lefkow is a United States District Judge in the Northern District of Illinois, the Court construes Hale's claims as arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *see also, Csoka v. United States*, 94 F.3d 647

(7th Cir.1996) (unpublished), *also available at*, 1996 WL 467654, at *3 (7th Cir.1996).

## BACKGROUND

Hale is the Pontifex Maximus ("highest priest") of the World Church of the Creator, which is an organization "dedicated to the survival, expansion, and advancement of the white race." *The Creativity Movement, available at* http://www.creator.org (last visited January 13, 2003). The present matter arises out of litigation between Hale's World Church of the Creator and TE–TA–MA Truth Foundation—Family of URI, Inc. ("TE–TA–MA Truth Foundation"), who holds the registered trademark to "Church of the Creator." In May 2000, TE–TA–MA Truth Foundation brought suit alleging trademark infringement against World Church of the Creator. The matter was assigned to Judge Lefkow. On January 31, 2002, after both sides had moved for summary judgment, Judge Lefkow issued an order finding the term "creator" generic and therefore granted summary judgment in favor of the World Church of the Creator. *See TE–TA–MA Truth Foundation–Family of URI, Inc. v. World Church of the Creator*, 2002 WL 126103 (N.D.Ill. Jan. 31, 2002). On appeal, the Seventh Circuit reversed Judge Lefkow and entered summary judgment in favor of TE–TA–MA Truth Foundation. *See TE–TA–MA Truth Foundation— Family of URI, Inc. v. World Church of the Creator*, 297 F.3d 662 (7th Cir.2002). The Seventh Circuit remanded the matter back to Judge Lefkow with instructions to "enter an appropriate judgment" in favor of the TE–TA–MA Truth Foundation. 297 F.3d at 667.

On November 19, 2002, Judge Lefkow issued an order and injunction consistent with the Seventh Circuit's mandate. In that decision, Judge Lefkow found that World Church of the Creator had infringed

on TE–TA–MA Truth Foundation's trademark and issued an injunction restraining Hale's organization's use of the term "World Church of the Creator." The order and injunction contained a litany of measures that Hale and his organization were to follow, including the transferring of certain web addresses and the removal or obliteration of any infringing mark.

On December 24, 2002, Hale filed suit in the Central District of Illinois, United States District Court. Hale's present suit alleges violations of his and his followers First, Fourth, and Fifth Constitutional rights "to the free exercise of their religious beliefs, freedom of speech, freedom from unreasonable search and seizures, and due process of law. Reverend Hale and class members are thus entitled to declaratory and injunctive relief and compensatory and punitive damages...." Pl. Compl. P. 4 ¶ 13.

## *ANALYSIS*

This case raises an important constitutional and prudential question regarding the immunity of a judicial official from a suit brought by a disgruntled party who had previously proceeded before that judge in a civil judicial proceeding.

▄▄▄ Judicial immunity is a common law doctrine that shields judges from civil liability for their judicial actions. *See Tucker v. Outwater*, 118 F.3d 930, 932 (2d Cir.1997). It is a well-settled axiom that questions of immunity should be decided at the earliest stage of litigation. *See Clinton v. Jones*, 520 U.S. 681, 686, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997). The reasoning for this is that judges, as public servants, "represent the interest of society as a whole. The conduct of their official duties may adversely affect a wide variety of different individuals, each of whom may be a potential source of future controversy." *Ferri v. Ackerman*, 444 U.S. 193,

203, 100 S.Ct. 402, 62 L.Ed.2d 355 (1979). Judicial immunity allows judges to act impartially and provides an atmosphere free of "intimidation that would conflict with their resolve to perform their designated functions in a principled fashion." *Id.* at 204, 100 S.Ct. 402. Expeditiously answering questions of judicial immunity, therefore, prevents unnecessary and illegitimate suits from festering in the judicial system.

▄▄▄ In a civil action, judges are only liable for their judicial acts if they have previously acted in a clear absence of jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Dellenbach v. Letsinger*, 889 F.2d 755, 758 (7th Cir.1989). "This immunity applies even when the judge's act are in error, malicious, or were in excess of his or her jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (7th Cir.2000) (citing *Stump*, 435 U.S. at 356, 98 S.Ct. 1099). A judge will be afforded absolute immunity if his or her actions meet a two-part test: first, the acts complained of were in the judge's jurisdiction; and second, these acts must be performed in the judge's judicial capacity. *See John v. Barron*, 897 F.2d 1387, 1391 (7th Cir.1990) (citing *Stump*, 435 U.S. at 356, 98 S.Ct. 1099).

In his Complaint, Hale attempts to circumvent judicial immunity by alleging that "[t]he actions of Judge Lefkow were no mistake or accident. They were instead deliberately and maliciously calculated to destroy the freedoms of Plaintiff and Church adherents through the use of an unconstitutional exercise of judicial power." Pl. Compl. P. 2 ¶ 2.

▄▄▄ Hale's claim is unpersuasive to the Court. First, the Supreme Court has held that even if a judge's actions were taken maliciously, he or she is afforded absolute immunity for judicial acts not taken in clear absence of jurisdiction. *See Stump,*

435 U.S. at 356–57, 98 S.Ct. 1099. Second, Hale's argument fails to address the relevant issue: Did Judge Lefkow issue an order and injunction in a clear absence of jurisdiction? Clearly, the answer is "no." Since the originating matter was based in trademark law, the Lanham Act clearly provided Judge Lefkow with subject matter jurisdiction over the originating suit. Indeed, Judge Lefkow issued the complained of order and injunction only after having a prior decision, which found in favor of Hale, being reversed by the Seventh Circuit. It would be truly problematic and abhorrent if a federal district and a federal appellate court ruled on such a matter while lacking jurisdiction.

■ Next, the Court must turn to whether Judge Lefkow performed the complained of acts while within her judicial capacity. "The factors which determine whether an act by a judge is a judicial one relate to whether the act is normally performed by a judge and whether the parties dealt with the judge in his [or her] judicial capacity." *Barron*, 897 F.2d at 1392 (citing *Stump*, 435 U.S. at 362, 98 S.Ct. 1099). In *Barron*, the Seventh Circuit found that a judge who "renders a decision acts well within his or her judicial capacity." 897 F.2d at 1392. This is clearly such a case. Accordingly, since Judge Lefkow has satisfied the two prongs of the judicial immunity test, the Court finds Judge Lefkow is entitled to absolute judicial immunity.

With respect to Hale's request for injunctive relief, the Seventh Circuit has not yet determined if the doctrine of absolute

judicial immunity protects federal judges from injunctive relief as well as money damages. Several courts, however, have found federal judges absolutely immune from equitable relief under *Bivens*. See *Bolin v. Story*, 225 F.3d 1234, 1240 (11th Cir.2000); *Mullis v. United States Bankr. Court for the Dist. of Nev.*, 828 F.2d 1385 (9th Cir.1987); *see also, Dorman v. Higgins*, 821 F.2d 133, 139 (2d Cir.1987). The reason for this is that a plaintiff seeking injunctive relief has an adequate remedy at law through ordinary appeal; the decisions made by Judge Lefkow with respect to Hale's original case are subject to appellate review (as is this decision) and he therefore has a remedy at law, which precludes the equitable relief he now seeks. See *Bolin*, 225 F.3d at 1240. The Court surmises that Hale did not follow standard appellate procedure since Judge Lefkow issued her order and injunction in accordance with a Seventh Circuit decision, which would be the court Hale would have to appeal to. Additionally, as the Eleventh Circuit noted in *Bolin*, "to allow injunctive relief against *federal judges* would be to permit a 'horizontal appeal' from one district court to another or even a 'reverse review' of a ruling of the court of appeals by a district court." *Id.* (citing *Mullis*, 828 F.2d at 1392–93). Such actions would violate the most basic tenants of the judicial system.

### CONCLUSION

■ For the aforementioned reasons, the Court is dismissing Hale's Complaint with prejudice.[1] "[W]hen the existence of

---

1. In his complaint, Hale notes that he is "a graduate of Southern Illinois University School of Law where he received his juris doctorate in May 1998. He received a passing score on his bar exam in July 1998." Pl. Compl. P. 4 ¶ 14. However, in December 1998, Hale's application to practice law was rejected by the Illinois Board of Admissions to

the Bar. While Hale fought this outcome, in the present matter, it has saved Hale from the Court imposing FED. R. CIV. P. 11 sanctions against him. Rule 11 states that, by submitting a pleading to a court, an attorney or unrepresented party certifies to the best of the "person's knowledge, information, and belief, formed after an inquiry reasonable under the

an affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir.2002).

IT IS THEREFORE ORDERED that this matter is dismissed with prejudice, each party to bear its own costs.

CASE TERMINATED.

circumstances" that it is not being "presented for any improper purpose" and that the "legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]" FED.

R. CIV. P. 11(b)(1)-(2). Since Hale is *pro se*, the Court will not initiate sanctions. *See* FED. R. CIV. P. 11(c)(1)(B). If this complaint had been filed by an attorney, the Court would not be so inclined.