**Milton SILVELS, Plaintiff–Appellant,**

v.

**The State of NEW YORK, Hertha Trotto, Hon., Joseph Klein, Hon., Defendants–Appellees.**

**Docket No. 03–7206.**

United States Court of Appeals, Second Circuit.

Nov. 19, 2003.

Milton Silvels, Auburn, NY, for Appellant, pro se.

Carol Fischer, Attorney General's Office, New York, NY, for Appellees.

PRESENT: MESKILL, B.D. PARKER, Circuit Judges, and CHIN,* District Judge.

---

## SUMMARY ORDER

In February 2001, appellant filed a *pro se* 42 U.S.C. § 1983 complaint against Judges Hertha Trotto and Joseph Klein, both of the Suffolk County Supreme Court, and the People of the State of New York, alleging violations of his constitutional rights during his state criminal trial. Appellant alleged that, in June 1993, he was not provided with counsel at his arraignment before Judge Trotto or when he next appeared in court before Judge Klein after he was indicted.

The District Court determined that appellant failed to state a claim upon which relief may be granted, and therefore dismissed the complaint *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The District Court found that Judges Trotto and Klein were protected from suit by judicial immunity because the judges had subject matter jurisdiction at the time of the acts at issue and the acts complained of were judicial in nature. *See Forrester v. White,* 484 U.S. 219, 227–28, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988). The District Court also found that the claim against the People of the State of New York was barred by the Eleventh Amendment, and that appellant's suit was untimely because the three-year statute of limitations for § 1983 claims had expired.

On appeal, appellant argues that the District Court improperly dismissed his § 1983 complaint for failure to state a claim, judicial immunity does not apply in this case because the judges acted in concert with the district attorney's office to convict appellant on false and misleading information, and the complaint was timely filed because the statute of limitations was tolled due to the continuous injury appellant had sustained. The State did not

appear because none of the named defendants were ever served with a complaint.

This Court reviews dismissals of actions pursuant to 28 U.S.C. § 1915 *de novo. Giano v. Goord,* 250 F.3d 146, 149–50 (2d Cir.2001). For the reasons stated in the District Court's order, appellant's claims against Judges Trotto and Klein and the People of the State of New York were properly dismissed on the grounds of judicial and Eleventh Amendment immunity. *Fields v. Soloff,* 920 F.2d 1114, 1119 (2d Cir.1990) (finding that judges may be found liable for damages only when they acted in the clear absence of all jurisdiction); *Tucker v. Outwater,* 118 F.3d 930, 932–33 (2d Cir.1997). Furthermore, appellant's argument on appeal that judicial immunity does not bar the claims against the judges because they acted in concert with the district attorney's office must be rejected because (a) it was not alleged in the complaint, or at any other point in the District Court proceedings; (b) the assertion is too conclusory to permit judicial consideration; and (c) even if the assertion were properly before this Court, it is meritless because judicial immunity still applies as long as both judges had jurisdiction in appellant's criminal proceeding. *Ashelman v. Pope,* 793 F.2d 1072, 1078 (9th Cir.1986) (*en banc*) (a conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding does not pierce the immunity extended to judges and prosecutors).

Accordingly, the judgment of the District Court is hereby AFFIRMED.