**William CARDOZA, Plaintiff–Appellant,**

v.

**UNITED STATES of America, U.S. Drug Enforcement Agency, Leslie Crocker Snyder, Kevin Scanlon, Ronald Nicastro, John C. Brophy, Defendants–Appellees.**

No. 04–0349–CV.

United States Court of Appeals, Second Circuit.

Dec. 20, 2004.

William Cardoza, Comstock, NY, for Appellant, pro se.

Allison D. Penn, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Meredith E. Kotler, Assistant Unit-

ed States Attorney, on the brief), New York, NY, for Defendants–Appellees United States of America, U.S. Drug Enforcement Administration, Kevin Scanlon, Ronald Nicastro, and John C. Brophy.

Charles S. Sanders, Assistant Attorney General (Eliot Spitzer, Attorney General of the State of New York, Michael S. Belohlavek, Deputy Solicitor General, on the brief), New York, NY, for Defendant–Appellee Leslie Crocker Snyder.

Present: WALKER, Jr., Chief Judge, CARDAMONE, and HALL, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant William Cardoza, proceeding *pro se*, appeals from the November 18, 2003, judgment of the United States District Court for the Southern District of New York (Charles L. Brieant, *Judge*) dismissing the case as against Judge Leslie Crocker Snyder and granting summary judgment for the federal defendants-appellees. We review the district court's grant of motions to dismiss and for summary judgment *de novo*. *See Zerilli–Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 79 (2d Cir.2003); *Jetter v. Knothe Corp.*, 324 F.3d 73, 75 (2d Cir. 2003). Familiarity with the proceedings before the district court is assumed.

On appeal, Cardoza contends that: (1) the district court improperly granted summary judgment because there were genuine issues of material fact about the adequacy of notice provided; (2) the evidence showed that the defendants had known of Cardoza's interest in the money based upon comments made to an Assistant District Attorney; (3) the testimony revealed that Cardoza ran a legitimate business of which defendants-appellees were aware; and (4) if Cardoza had been given an opportunity to pursue discovery, he would have obtained proof of the legitimacy of the funds. We affirm.

■ The district court did not err in dismissing the claims against Judge Snyder because the doctrine of absolute judicial immunity shields judges from suit for actions taken within their authority. *See Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Tucker v. Outwater*, 118 F.3d 930, 933 (2d Cir.1997).

■ The district court also did not err in granting summary judgment for the federal defendants-appellees because Cardoza lacked standing to bring suit to contest the forfeiture. Cardoza presented no evidence of legitimate ownership in the funds other than his bare statement of ownership and a transcript referencing a brief conversation with an Assistant District Attorney. Such unsubstantiated claims without evidence to show that the money was his or how it was obtained are insufficient to establish standing. *See Torres v. $36,256.80 United States Currency*, 25 F.3d 1154, 1157–58 (2d Cir.1994). In any event, the notice provided satisfied due process. *See id.* at 1160–61.

We have carefully considered Cardoza's arguments and find them to be without merit.

Accordingly, and for the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**