**Joseph A.F. SADOWSKI,
Plaintiff–Appellant,**

v.

**Anthony J. FALANGA, Security of the
Court, Defendants–Appellees.**

No. 05–2288–CV.

United States Court of Appeals,
Second Circuit.

March 17, 2006.

Joseph A.F. Sadowski, Hicksville, New York, for Appellant, pro se.

Daniel J. Chepaitis, Assistant Solicitor General, (Michelle Aronowitz, Robert H. Easton, Deputy Solicitors General, Eliot Spitzer, Attorney General of the State of New York, on the brief) New York, New York, for Appellees.

Present: THOMAS J. MESKILL, ROSEMARY S. POOLER, and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Sadowski appeals from the September 30, 2000 judgment of the district court dismissing his complaint against defendant-appellee Falanga under Federal Rule of Civil Procedure 12(b)(6) and the March 30, 2005 judgment of the district court dismissing his complaint against defendant-appellee Security of the Court under Federal Rule of Civil Procedure 12(b)(5). We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

A judge is immune from suit for actions taken in his judicial capacity unless he has acted in the "clear absence of all jurisdiction." *Tucker v. Outwater,* 118 F.3d 930, 933 (2d Cir.1997) (citations and internal quotation marks omitted). Falanga was clearly acting in his judicial capacity and within his jurisdiction when he had Sadowski removed from his courtroom, and, in any event, because Sadowski has not raised this issue on appeal, it is waived. *See LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir.1995). The record does not reveal sufficient information about Falanga's decision regarding flights over Sadowski's neighborhood to determine whether he acted within his jurisdiction. Nevertheless, Sadowski's challenge to these proceedings is barred by the *Rooker–Feldman* doctrine if he was a party to that action, *see Hoblock v. Albany Cty. Bd. of Elections,* 422 F.3d 77, 84 (2d Cir.2005), and by lack of standing if he was not, *see St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply,* 409 F.3d 73, 83 (2d Cir.2005). Therefore, the district court properly dismissed Sadowski's claims against Falanga.

As to the claims against Security of the Court, we review a dismissal for failure to serve process for abuse of discretion. *Thompson v. Maldonado,* 309 F.3d 107, 110 (2d Cir.2002). The district court did

not abuse its discretion in finding that Sadowski had failed to serve process on Security of the Court when he could not produce the process server and other testimony indicated there was no such officer as the one described in the affidavit of service. Thus, the district court also properly dismissed Sadowski's claims against Security of the Court.

We have considered Sadowski's other claims and find them to be without merit. Based on the foregoing, the judgment of the district court is AFFIRMED.