SUMMARY ORDER

Plaintiff-Appellant Herschel Collins, pro se, appeals from the July 28, 2005 judgment of the United States District Court for the District of Connecticut (Arterton, J.) granting Defendants-Appellees’ motions to dismiss his civil-rights complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). We presume the parties’ familiarity with the facts and the issues on appeal.
“We review de novo a district court’s dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiffs favor.” Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir.2002). This Court may affirm on any basis evident from the record. See Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A., 30 F.3d 339, 343 (2d Cir.1994) (holding that an appellate court can affirm a district court’s order “on any basis for which there is a record sufficient to permit conclusions of *139 law, including grounds upon which the district court did not rely”) (internal quotation marks and citation omitted).
Here, Collins cannot establish that he is entitled to relief under 42 U.S.C. § 1983 because, in part, he lacks standing, and, in part, he has not alleged a cognizable deprivation of his liberty or property. Collins has no standing to challenge constitutional deprivations alleged to have been experienced by his mother — among other things, the appointment of her conservator, the freezing of her accounts, and the taking of her property. See Allen v. Wright, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). As to the police incident that transpired in April 2004, Collins has not alleged that he was arrested or charged with any offense; hence, he has not adequately claimed that he has suffered a constitutional injury. See Washington v. Cmmty of Rockland, 373 F.3d 310, 316 (2d Cir.2004).
The dismissal of Collins’s other federal claims was proper. On his § 1985 and § 1986 conspiracy claims, Collins failed to make any plausible allegation that there was “some racial, or perhaps otherwise class-based, invidiously discriminatory animus” behind the conspirators’ action. See Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). On his claims against West Hartford, the West Hartford Police Department, and Captain Lori Coppinger, Collins failed to identify a municipal policy or custom that caused him injury, or plausibly allege an equal protection violation. See Monell v. Dep’t of Soc. Servns., 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Freedom Holdings, Inc. v. Spitzer, 357 F.3d 205, 234 (2d Cir.2004). Finally, on his defamation claims, Collins failed to allege an injury under the “stigma-plus” doctrine that would rise to the level of a due process violation. See Komlosi v. N.Y. State Office of Mental Retardation and Developmental Disabilities, 64 F.3d 810, 817 (2d Cir.1995). Hence, the defamation claims arise under state law only, and the district court properly declined to exercise supplemental jurisdiction over them.
For the foregoing reasons, we AFFIRM the judgment of the district court on alternative grounds.* We DISMISS all claims against all defendants.

 It is specifically noted that, in affirming the result reached by the district court on alternative grounds, this Court has not addressed, and offers no opinion on, the complicated questions of whether a Connecticut probate judge would enjoy absolute immunity for ordering a person to be arrested, as alleged by Collins, or whether a conservator would be immune for requesting such an action by the police. See Brookings v. Clunk, 389 F.3d 614 (6th Cir.2004) (holding, by a 2-1 vote, that an Ohio probate judge was entitled to absolute immunity for filing a criminal complaint); see also Tucker v. Outwater, 118 F.3d 930, 932-38 (2d Cir.1997) (discussing the history and application of absolute judicial immunity); cf. San Filippo v. U.S. Trust Co., 737 F.2d 246, 254-55 (2d Cir.1984) (holding that, while a witness and prosecutor were protected by absolute immunity for their participation in judicial proceedings, they were not entitled to absolute immunity on a § 1983 claim that they conspired to present false testimony).