10-4582-cv
Wilson v. Wilson-Polson

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of October, two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

DWAYNE L. WILSON,

> *Plaintiff-Appellant,*

> v.                                                          10-4582-cv

MAYELA ALISSA WILSON-POLSON, ELISA BARNES, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES AS COURT APPOINTED GUARDIAN AD LITEM, CAROL J. GOLDSTEIN, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES AS COURT ATTORNEY REFEREE FOR FAMILY COURT OF THE STATE OF NEW YORK, OFFICE OF THE ATTORNEY GENERAL STATE OF NEW YORK,

> *Defendants-Appellees.*

_____

**FOR APPELLANT:**          Dwayne L. Wilson, *pro se*, New York, NY.

**FOR APPELLEES:**         Barbara D. Underwood, Solicitor General (Michael S. Belohlavek, Senior Counsel, and Richard O. Jackson, Assistant Solicitor General, *on the brief*), *on behalf of* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY, *for* Appellees Carol J. Goldstein and Office of the Attorney General of the State of New York. Elisa Barnes, *pro se*, New York, NY. Mayela Alissa Wilson-Polson, *pro se*, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul G. Gardephe, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Dwayne L. Wilson, *pro se*, appeals an order of the District Court dismissing his 42 U.S.C. § 1983 complaint alleging that the New York State Office of the Attorney General, a New York Family Court referee, a court-appointed guardian ad litem, and his ex-wife conspired to deprive him of his constitutional rights to a relationship with his daughter. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(1) and (6), accepting all well-pleaded factual allegations in the complaint as true and drawing all inferences in favor of the plaintiff. *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (Rule 12(b)(6)); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (same); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (Rule 12(b)(1)).

Additionally, we review a district court's decision denying leave to amend under an abuse of discretion standard. Although a *pro se* complaint is entitled to a particularly liberal reading, *see, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), "leave to amend a complaint need not be granted when amendment would be futile," *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003).

Initially, we note that Wilson's claim for declaratory relief is moot, as the order entered by the Family Court referee was set to expire on June 1, 2011, and we are apprised of no facts indicating its extension. Upon review of his additional claims, we conclude that Wilson's arguments on appeal are without merit, substantially for the reasons stated by the District Court in its well-reasoned decision. *See Wilson v. Wilson-Polson*, 09-cv-9810, 2010 WL 3733935 (S.D.N.Y. Sept. 22, 2010).

Wilson's reliance on *Thomas v. New York City*, 814 F. Supp. 1139 (E.D.N.Y. 1993), is misplaced. Wilson's allegation that the Family Court referee violated his procedural due process rights fails in light of the referee's absolute immunity to suit. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for [her] judicial acts even if [her] exercise of authority is flawed by the commission of grave procedural errors."); *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009) ("The fact that a proceeding is informal and *ex parte* . . . has not been thought to imply that an act otherwise within a judge's lawful jurisdiction was deprived of its judicial character." (citation and internal quotation marks omitted) (omission in original)); *Tucker v. Outwater*, 118 F.3d 930, 937–38 (2d Cir. 1997).

Moreover, we reject Wilson's contention that the referee was without jurisdiction to adjudicate the Family Court dispute and, thus, not entitled to immunity on the theory that she allegedly failed to file an oath of office. Even assuming that the filing of such an oath is required of someone serving as a referee, the alleged failure to do so does not deprive her of immunity or jurisdiction. *See* N.Y. Pub. Off. Law § 15 ("If a public officer . . . shall hereafter enter on the performance of the duties of his or her office, without taking or filing an official oath, or executing or filing an official undertaking, . . . his or her acts as such officer, so performed, shall be as valid and of as full force and effect as if such oath had been duly taken and filed . . . .").

## **CONCLUSION**

We have considered Wilson's remaining contentions on appeal and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3