Ethan BOOK Jr.,[1] Plaintiff–Appellant,

v.

Richard TOBIN, Martin L. Nigro, Defendants–Appellees.

No. 06–2289–cv.

United States Court of Appeals, Second Circuit.

Feb. 8, 2008.

Ethan Book Jr., pro se, Fairfield, CT, for Plaintiff.

Daniel R. Schaefer, Assistant Attorney General, for Richard Blumenthal, Attorney General, State of Connecticut, Hartford, CT, for Defendants.

Present: ROSEMARY S. POOLER, DEBRA ANN LIVINGSTON, Circuit Judges, LEWIS A. KAPLAN,[2] District Judge.

### SUMMARY ORDER

Ethan Book Jr. appeals from a judgment of the United States District Court for the District of Connecticut (Arterton, *J.*) granting defendants' motion to dismiss his complaint and from an order of the same court denying his motion for reconsideration and other motions. We assume

---

1. We direct the Clerk of the Court to amend the official caption to reflect this spelling of Mr. Book's last name, which is consistent with the spelling used in his complaint and brief.

2. Hon. Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

the parties' familiarity with the facts, proceedings below, and specification of issues for review.

The district court correctly dismissed Book's complaint for lack of subject matter jurisdiction pursuant to the *Rooker–Feldman* doctrine, which applies when one who has lost in state court brings an action in federal court "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). "[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994). Moreover, defendants are entitled to absolute immunity, because their actions were performed in their judicial capacities and not in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356–60, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Tucker v. Outwater*, 118 F.3d 930, 932–33 (2d Cir. 1997).

Furthermore, the district court did not abuse its discretion in denying Book's motions for reconsideration of its dismissal of his complaint, for reconsideration of its denial of his motion to supplement, and to reopen judgment, because Book pointed to no controlling decisions or data that the court had overlooked. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Nor was it an abuse of discretion to deny Book's motion for leave to amend his complaint. "A district court may properly deny a motion to amend when it finds that amendment would be futile," *Patane*

*v. Clark*, 508 F.3d 106, 113 n. 6 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)), and the district court did not abuse its discretion in determining that any amendment of Book's complaint would be futile for lack of subject matter jurisdiction.

Finally, to the extent that Book appeals the district court's denial of his motion to "void defendants' appearance," which the district court construed as a request to disqualify defense counsel, we find no abuse of discretion in the district court's ruling.

For the foregoing reasons, we AFFIRM the district court's judgment dismissing Book's complaint and its order on motions. All outstanding motions are DENIED as moot.