*Hassan v. Marks*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of August, two thousand eighteen.

PRESENT:  JOSÉ A. CABRANES,
           GERARD E. LYNCH,
                *Circuit Judges,*
           EDWARD R. KORMAN,
                *District Judge.*[*]

---

JOHN HASSAN,

           *Plaintiff-Appellant,*                        17-3167

                 v.

CHIEF ADMINISTRATIVE JUDGE LAWRENCE K. MARKS, SUPERVISING JUDGE KAREN KERR, HOLIDAY BEACH PROPERTY OWNERS ASSOCIATION, INC.,

           *Defendants-Appellees.*[†]

---

[*] Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

[†] The Clerk of Court is directed to amend the caption as shown above.

FOR PLAINTIFF-APPELLANT:                    John Hassan, *pro se*, Center Moriches, NY.

FOR DEFENDANTS-APPELLEES
**Chief Administrative Judge Lawrence**
**K. Marks and Supervising Judge Karen Kerr:**    Barbara D. Underwood, Solicitor General,
                                                  Andrew W. Amend, Senior Assistant
                                                  Solicitor General, and Mark H. Shawhan,
                                                  Assistant Solicitor General, *for* Eric T.
                                                  Schneiderman, Attorney General, State of
                                                  New York, New York, NY.


FOR DEFENDANT-APPELLEE
**Holiday Beach Property Owners**
**Association, Inc.:**                       Robert L. Folks, Robert L. Folks &
                                             Assocs., LLP, Melville, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joan M. Azrack, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 26, 2017 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant John Hassan ("Hassan"), proceeding *pro se*, appeals from a judgment of the District Court adopting the August 15, 2017 Report and Recommendation of United States Magistrate Judge Steven I. Locke and dismissing Hassan's complaint in its entirety. Hassan sued Defendants-Appellees Chief Administrative Judge Lawrence K. Marks and Supervising Judge Karen Kerr (together, the "State Defendants"), and Holiday Beach Property Owners Association, Inc. ("Holiday Beach"), alleging that the State Defendants and Holiday Beach conspired to deprive him of easement rights purportedly permitting him to use certain beach-front property. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the dismissal of a complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), accepting as true all factual allegations in the complaint and drawing all reasonable inferences in Hassan's favor. *See Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012) (Rule 12(b)(1)); *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015) (Rule 12(b)(6)). To survive a motion to dismiss for failure to state a claim, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also*

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Though we must accept as true Hassan's factual allegations, we disregard any unadorned "legal conclusions." *Iqbal*, 556 U.S. at 678.

As a threshold matter, both Holiday Beach and the State Defendants argue that the District Court lacked subject matter jurisdiction over this action. Holiday Beach contends that the *Rooker-Feldman* doctrine precludes consideration of Hassan's claims. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482, 486-87 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923). We conclude that the doctrine does not apply. To the extent Hassan raises issues related to the 1980s litigation in which he intervened, he is not a "state-court loser[ ]" for the purposes of the doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Although the state court denied Hassan's motion for summary judgment in that action, there was no final judgment, and the litigation was dismissed for failure to prosecute. *See Green v. Mattingly*, 585 F.3d 97, 102-03 (2d Cir. 2009) (holding that party was not a "state-court loser" for purposes of the *Rooker-Feldman* doctrine where state court "proceedings were dismissed without a final order of disposition"). Hassan's challenge to the 2016 small claims suit is not barred by *Rooker-Feldman* because the small claims ruling post-dated the filing of the federal action. *See Exxon Mobil Corp.*, 544 U.S. at 284 (requiring that state court judgment be "rendered before the district court proceedings commenced").

With respect to the State Defendants, the District Court correctly concluded that Hassan's claims are barred by the Eleventh Amendment and by the doctrine of judicial immunity. Insofar as Hassan asserts claims against the State Defendants in their official capacity, the State Defendants are shielded by sovereign immunity. *Gollomp v. Spitzer*, 568 F.3d 355, 365-68 (2d Cir. 2009) (holding that the New York Unified Court System is an "arm of the State" and affirming dismissal of § 1983 claim on sovereign-immunity grounds); *In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007) (sovereign immunity protects "a state official acting in his or her official capacity"). And to the extent the complaint could be construed as asserting individual-capacity claims against the State Defendants, they are protected by the doctrine of judicial immunity. As the District Court observed, Hassan's claims arise out of the State Defendants' conduct in their judicial capacity, and Hassan has not alleged that the State Defendants acted in the clear absence of jurisdiction. *See Tucker v. Outwater*, 118 F.3d 930, 933 (2d Cir. 1997) (judicial immunity bars claims against judge acting in "judicial capacity" unless he or she "acted in the clear absence of all jurisdiction").

We also see no error in the District Court's conclusion that the complaint fails to state a claim. Even construed liberally, the complaint contains no factual allegations supporting Hassan's assertion that the State Defendants and Holiday Beach conspired to deprive Hassan of his easement rights—the predicate for Hassan's various claims. Because the "conspiracy allegations are strictly conclusory," the District Court correctly concluded that Hassan's claims should be dismissed. *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) (affirming dismissal of § 1983 conspiracy claim).

We have considered Hassan's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4